## 56410. WYNN v. THE STATE.

Deen, Presiding Judge.

Carlos Wynn appeals from a jury verdict which found him guilty of receiving stolen property (a pistol) and violation of the Georgia Controlled Substances Act (possession of more than an ounce of marijuana). He was sentenced to serve twelve months in the county public works camp on the first count, and five years in a state penitentiary on the second.

1. Appellant's first two enumerations of error contend that the trial court erred in denying his motion to suppress because the search warrant was illegally executed and the information contained in the warrant was stale. The appellant bears the burden of showing error in the record and when testamentary evidence is not brought before this court, "an affirmance as to that issue must result." *Law v. State,* 121 Ga. App. 106, 108 (173 SE2d 98) (1970). As appellant has not filed a transcript with this court of the hearing on his motion, we must assume that the evidence authorized the trial court's judgment. *R. & S. Mgt. Co. v. Huntley,* 119 Ga. App. 712 (168 SE2d 626) (1969).

2. Appellant asserts error in the admission into evidence of testimony pertaining to independent crimes. The district attorney questioned a police detective as to what they found during the search of appellant's residence. The officer testified that they ran a stolen check on the TV, stereos and various other items that were located in the house. The district attorney then instructed the witness not to reveal the results of the check, but to describe his next action. The next witness, Officer Hinton, was questioned by the district attorney about whether he had asked the accused about vials of drugs that had been found in the restroom. The witness testified that he had not, but had given them to another officer who logged them in on the search warrant. Then the officer volunteered that a TV had been found and the serial number had been run on it and the report that came back from "NCIC" revealed that it had been stolen. Defense counsel moved for a mistrial on the ground that it was

evidence of an independent crime for which the accused was not on trial although he had been indicted for receiving the stolen TV. The state apparently was not proceeding on that count because of a problem in the indictment, and the state could not prove its case. The court overruled appellant's motion on the grounds that the testimony was admissible as a circumstance of arrest.

"On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952). In *Bixby v. State,* 234 Ga. 812 (218 SE2d 609) (1975), the court notes the conflict between the rule that evidence of the separate crimes is generally not admissible and the rule that testimony as to the circumstances connected with the arrest is admissible and holds that it was not error to admit testimony about certain articles found in defendant's automobile which were alleged to have been used in the robbery (handcuffs, ski masks, pistols, gloves, etc.). In the present case, the witness' testimony was totally unresponsive to the question asked and was not admissible as a circumstance of the arrest because it referred to the results of an investigation that occurred sometime subsequent to the search. Of course a different case would be presented if the peace officers had recognized the TV sets and stereos as items which they knew at the time of the search to have been previously stolen. "[Police officers] cannot be permitted by 'voluntary' statements to circumvent the letter and meaning of the law so as to inject into the case illegal elements for which counsel, including the solicitor, would be held fully responsible if the answer were elicited by a direct question." *Felton v. State,* 93 Ga. App. 48, 50 (90 SE2d 607) (1955). Accordingly, it was error for the trial court to deny appellant's motion for a mistrial or to fail to exercise its discretion and take corrective measures to prevent prejudice to appellant. See *Felton v. State,* supra.

*Judgment reversed and remanded for new trial. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 12, 1978 — DECIDED OCTOBER 12, 1978. REHEARING DENIED OCTOBER 30, 1978 —

*Guy J. Notte*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Dean Davis, R. David Petersen, Assistant District Attorneys*, for appellee.