## 58187. RIVERS v. THE STATE.

DEEN, Chief Judge.

Rivers and two co-defendants were indicted for motor vehicle theft and other crimes. Rivers, having severed his case, testified in his own behalf that he had never seen the defendants until August 3, 1978, the date of his arrest, when defendant Lakes drove up in a white Buick and he agreed to ride with her to show her the way to a park. The Buick proved to have been stolen. In rebuttal the state sought to establish that Rivers and the co-indictee Thompson had been together on several occasions. Counsel for the state proposed to put up two witnesses, a

sheriff and a deputy, to testify that Rivers and Thompson were arrested together as the result of a traffic violation while driving a stolen Chrysler, released, rearrested, and turned over to Atlanta police authorities at various dates in July. The court ruled: "Just state that they were turned over, but don't go any further than that. Just for impeachment purposes. . . not to any other evidence as to what happened in Atlanta."

A motion to disallow testimony beyond the fact that Rivers and Thompson had been seen together was overruled, as were other objections in the course of the examination and a motion for mistrial thereafter. In spite of this the witnesses stated on five occasions during direct examination that the defendants were arrested, on five occasions repeated that they were turned over to the Atlanta police, on one occasion that they were "bonded out," once that the car they were driving was not returned to them, once that they could not determine whether it was stolen, and once that it was turned over to its owner in DeKalb County. The dates of these events appear to have been between July 7 and July 18.

We are forced to agree that the testimony offered went far beyond impeachment of the defendant's statement that he had never seen Thompson before the arrest on which this indictment is grounded, and that it did put his character in issue by emphasizing and reiterating that he and Thompson had jointly stolen another vehicle for which they had been arrested and turned over to Atlanta authorities. That some of these remarks were volunteered, when these law enforcement officers must be deemed to know the law relating to introduction of the defendant's character in evidence, will not preclude the grant of a mistrial. *Ates v. State,* 137 Ga. App. 647 (1-b) (224 SE2d 767) (1976); *Wynn v. State,* 147 Ga. App. 805 (250 SE2d 530) (1978). Other statements by the witnesses were clearly invited by questions on direct examination.

The court's various rulings improperly allowed evidence of other criminal transactions. The subsequent motion for mistrial was denied and no effort made to caution the jury, to rebuke counsel or to check the repetitious inadmissible testimony of the witnesses. See

Code § 81-1009. These rulings were error.

*Judgment reversed. Shulman and Carley, JJ., concur.*

ARGUED JULY 3, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARING DENIED SEPTEMBER 17, 1979 —

*Stephen L. Jackson,* for appellant.

*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.