256

*Assistant District Attorney,* for appellee.

### 64090. THOMPSON v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of theft by receiving stolen property, the same being "silver items," the property of another (a named individual) having a value of more than $200, the defendant having been charged with knowing the said property was stolen, "said property not having been received and disposed of with the intent of restoring it to the owner." She was sentenced to serve a term of five years, the sentence to be probated after she had served three years. Defendant appeals. *Held:*

1. The indictment charged that the defendant did receive and dispose of the stolen property between December 1, 1980, and January 31, 1981. The first enumeration of error is that the trial court erred in denying the defendant's motion to dismiss the indictment because the indictment as worded was vague and indefinite and did not inform the defendant as to the "silver items" and impaired her ability to prepare a defense and surprised her at trial.

The state contends the defendant failed to file a special demurrer to the indictment and the defendant has not shown any prejudice from the denial of the motion to dismiss the indictment, if that motion be treated as a special demurrer, contending the defendant brings a challenge to the form of the indictment and not to its validity, citing *Megar v. State,* 144 Ga. App. 564, 565 (3) (241 SE2d 447); *Carter v. State,* 155 Ga. App. 49 (1) (270 SE2d 233); *Bramblett v. State,* 239 Ga. 336, 337 (236 SE2d 580). However, there is no magic in mere nomenclature, and the "motion" was filed prior to arraignment; hence we do not hold the defendant has waived any special demurrer to the indictment.

Nevertheless, we find no merit in the enumeration of error inasmuch as nothing alleged and claimed by the defendant shows such prejudice as to warrant a reversal of her conviction. Where no prejudice to a defendant has occurred, though the indictment is not perfect, such a reversal would be a mere windfall to the defendant and would contribute nothing to the administration of justice. See *State v. Eubanks,* 239 Ga. 483, 487-489 (238 SE2d 38); *Bill v. State,* 153 Ga. App. 131, 133 (1) (264 SE2d 582). The 61 days alleged in the indictment as to the period in which the defendant received and disposed of the stolen property was not necessarily vague and indefinite as to the time and does not suffice to meet the fatal variance rule. *McHugh v. State,* 136 Ga. App. 57 (220 SE2d 69);

*Ingram v. State,* 137 Ga. App. 412, 414-415 (3b) (224 SE2d 527). Clearly, the defendant would be protected against another prosecution for the same offense here. See *De Palma v. State,* 225 Ga. 464 (3), 469 (169 SE2d 801). Here the defendant admitted the sale of certain "silver items" as her own property and did not rely on an alibi defense but upon the misidentification of the silverware, contending the silver she sold was personal property she inherited from her grandmother. The failure to specify the exact date of the offense here did not render the indictment demurrable for vagueness. See *Callahan v. State,* 148 Ga. App. 555 (1) (251 SE2d 790); *Cherry v. State,* 159 Ga. App. 75 (1), 76 (282 SE2d 717). While the stolen property allegedly received and disposed of was referred to as mere "silver items" the description is not so vague as to fall short of the requirements of *De Palma v. State,* 225 Ga. 465, supra.

A motion in limine was also granted as to any silver items of any nature other than the three items of silver after they had been made available for inspection by defendant's attorney as shown in the motion to be "one silver fork, one bowl, and one small plate," and also granted as to cards or other descriptive material that do not describe the items of silver provided for inspection. The testimony was to be limited to these silver items which were provided for inspection. The defendant was amply informed as to the charges against her and she was not surprised at trial, being amply protected against subsequent prosecution. There is no merit in this complaint.

2. The testimony at trial did not concern different items than those made available by the state for inspection as defendant contends. True, one witness described the fork as a spoon, and another as a pierced spoon, but the jury had the item for consideration which appears to be, to the average layman, a serving fork. The bowl was likewise identified by a witness as being a plate, but at the same time it was identified as a bowl, each witness using different nomenclature for the description of the item. Further, the one small plate was identified by one witness as a card tray. It is clear that the silver referred to in the motion in limine were the items in evidence and were identified as the items therein described.

A detective testified that approximately $17,000 to $20,000 worth of silver had been stolen from the victim's house and the defendant objected to this testimony. Whereupon the trial court instructed the jury to disregard same.

Under all the circumstances above we find no reversible error with reference to the alleged violations of the motion in limine. The value of the stolen items were proven by another witness, and the items were the same regardless of the nomenclature used by various witnesses.

3. At the time of the testimony by the police officer with reference to the value of all of the stolen articles defendant moved for a mistrial which was overruled by the court but with instructions by the court to the jury to disregard the testimony "as to what amount of silver may or may not have been missing . . . the only item that is for your consideration are the three pieces of silver in evidence today and nothing else is to be considered at all. This case is tried solely on the items that have been introduced by the State . . . not on anything else that may or may not exist." Whereupon, the district attorney, instructed the witness to restrict himself to those three items. The defendant then did not insist upon the motion for mistrial or raise any objection that the corrective instructions by the court were improper, insufficient, or that defendant was in any way dissatisfied with the corrective instructions. See *Grayson v. State,* 159 Ga. App. 138, 139 (282 SE2d 755). The trial court did not abuse its discretion in denying the motion for mistrial, carefully giving corrective instructions with reference to the alleged prejudicial statements by the witness. See *Mathis v. State,* 155 Ga. App. 655, 656 (1) (272 SE2d 520); *Hill v. State,* 153 Ga. App. 472, 474 (265 SE2d 827). Compare *Rivers v. State,* 151 Ga. App. 380 (259 SE2d 650); *Ates v. State,* 137 Ga. App. 647 (224 SE2d 767).

4. The evidence here showed the silverware was stolen and the items which the defendant had sold were identified as items of silver belonging to the victim having a value of more than $200. There was sufficient evidence for a rational trier of fact to reasonably find the essential elements of the crime beyond a reasonable doubt. See *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Drake v. State,* 245 Ga. 798, 799 (267 SE2d 237); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 9, 1982 —
REHEARING DENIED JULY 27, 1982.

George A. Zettler, for appellant.
Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, for appellee.