## 71764. SMITH v. THE STATE.
### (340 SE2d 28)

BANKE, Chief Judge.

Tony Smith, a/k/a Terry Marshall, appeals his convictions of armed robbery and motor vehicle theft.

The evidence established that a man walked into a dry-cleaning establishment in Clayton County early one morning and took the proprietor's money and car keys at gunpoint, while another man stood lookout outside. The two men departed in the proprietor's vehicle,

which was discovered wrecked in Barrow County four days later. The appellant and a co-indictee, Ernest Lee Carter, were arrested nearby. Carter was convicted of the two offenses on the day prior to the commencement of appellant's trial.

The victim identified Carter as the man who had taken her money and car keys but was unable to identify the appellant as the person who had remained outside, even though she testified that that person had returned to pick up some clothing several hours after the robbery. The appellant and Carter both denied any involvement in the offenses, claiming to have met one another for the first time two days after the offenses were committed. Carter admitted having driven the victim's vehicle on the day of the arrest, but claimed he had borrowed it from a friend.

The appellant contends on appeal that the trial court erred in admitting documentary evidence of Carter's conviction of the present offenses and of an armed robbery which had occurred in Barrow County on the same date of the arrest. The appellant was named as a co-indictee with regard to the latter indictment as well as the indictment at issue in the present case, and he contends his character was accordingly placed in issue by their admission. *Held*:

1. The evidence of Carter's prior convictions was admissible on the issue of his credibility as a witness, even though he had acknowledged those convictions during prior cross-examination. Accord *Golden v. State*, 163 Ga. App. 629 (1) (295 SE2d 144) (1982). See also *Favors v. State*, 234 Ga. 80 (3) (214 SE2d 645) (1975). However, the appellant's status as a co-indictee with regard to these offenses obviously had no probative value on the issue of Carter's credibility.

As a general rule, it is error to apprise a jury that a defendant is under indictment for an offense other than the one for which he is on trial. See *Sides v. State*, 213 Ga. 482 (1) (99 SE2d 884) (1957); *Thrash v. State*, 158 Ga. App. 94 (1) (283 SE2d 611) (1981). See also OCGA § 24-2-2. As the references to appellant on these documents could easily have been excised, we hold that the trial court erred in failing to require the state to do so as a condition precedent to their admission. Of course, any error in admitting evidence of appellant's status as a co-indictee with Carter with respect to the offenses for which he was on trial must be considered harmless, since that indictment went out with the jury anyway. However, the armed robbery in Barrow County occurred subsequent to and bore no relation to these offenses, and there was no other evidence linking appellant to those crimes. Moreover, the trial court gave no limiting instruction to the jury as to the purpose for which the evidence of Carter's convictions was admitted. Under these circumstances, the trial court's admission of evidence of appellant's indictment for this unrelated offense cannot be considered harmless. See generally *Moore v. State*, 254 Ga. 674 (333 SE2d 605)

(1985).

2. Appellant contends that the trial court erred in refusing to grant his request to charge the jury with respect to presumption of innocence and the State's burden of proof. Assuming *arguendo* that the requested charge was a proper statement of the law, the principles of law contained therein were amply covered by the trial court's charge as given. Under such circumstances, the failure to charge in the exact language contained in the request cannot be considered error. See *Adams v. State*, 242 Ga. 239 (4) (248 SE2d 638) (1978). See also *Kirby v. State*, 174 Ga. App. 58 (4) (329 SE2d 228) (1985).

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 17, 1986.

*Robert B. McNeese, Jr.*, for appellant.

*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.