## 75456. THE STATE v. MADDOX.
(365 SE2d 516)

BIRDSONG, Chief Judge.

This is an appeal from an order of the trial judge of the State Court of DeKalb County granting appellee/defendant's plea of former jeopardy and dismissing the pending accusation.

During a jury trial, Officer Gene B. Ashley, a member of the DeKalb County DUI task force, when being examined by the prosecu-

tion concerning another matter, interjected testimony that appellee had received two previous DUIs. The trial judge granted appellee/defendant's motion for a mistrial. Thereafter, appellee/defendant filed a plea of former jeopardy. The State appeals the trial judge's order granting this plea.

In his order, the trial judge made the following pertinent findings of fact: (a) the officer was experienced and has testified before the court on almost a weekly basis; (b) his testimony regarding appellee/defendant's criminal record was "totally unresponsive" to the question posed by the prosecutor; (c) the result was dramatic; (d) the only response by the State to the mistrial motion was to state that the officer "had been specifically instructed *not* to mention the prior conviction"; (e) the officer "is just as much an agent of the State as the assistant solicitor"; and (f) no rationale or justification has ever been offered for the officer's testimony, "[n]or did the officer appear particularly disturbed or apologetic over the results of his action." The trial judge also presumed that in the absence of any explanation of Officer Ashley's conduct "that he was deliberately attempting to cause a mistrial."

We fully understand the trial judge's dilemma and his well-founded desire to stop what initially appears in this record (as confirmed by the trial judge's fact findings) to be a blatant disregard by the officer for the fair trial rights of the accused. *Wynn v. State*, 147 Ga. App. 805, 806 (250 SE2d 530). The ultimate issue, however, is should the prosecution arm of the State be penalized for the unexpected and unsolicited conduct of an agent of the State's law enforcement community.

If a defendant moves for a mistrial and the motion is granted, *normally* he may be tried again. *Studyvent v. State*, 153 Ga. App. 161 (264 SE2d 695); accord *Morris v. State*, 180 Ga. App. 896 (350 SE2d 851). However, there exists a "narrow exception" to the rule that double jeopardy will not bar retrial in such instances. *Oregon v. Kennedy*, 456 U. S. 667, 673 (102 SC 2083, 72 LE2d 416). Thus, if a mistrial is granted on the grounds of prosecutorial overreaching and such was motivated by bad faith on the part of the prosecuting attorney or with the intention to harass or prejudice the defendant, for example, by successive prosecutions or by declaration of a mistrial in order to afford the prosecution with a more favorable opportunity to convict, then a defendant's retrial is barred. *Morris v. State*, supra; *Oregon v. Kennedy*, supra at 672-679. Under this exception, it is "[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." Id. at 676.

While we agree with the trial judge that the officer is an agent of

the State, it seems abundantly clear that this agency differs from that of a prosecutor. The officer and the prosecutor have different scopes of employment and authority; their responsibilities are different per se. In our view, the "narrow exception," above articulated, was not meant to be extended to embrace conduct other than that of the judge and the prosecutor. Therefore, in the absence of a showing that the prosecutor in this case actively aided, counselled, or became a willing party to the error generated by the officer, we see no reason to bar appellee/defendant's retrial. The pertinent evidence in this case is uncontroverted in establishing that the prosecutor was taken by complete surprise by the police officer's unresponsive reply to a proper question. Further, the record reflects that the prosecutor previously warned the witness not to reveal appellee's prior criminal record. Thus, this is not the type of case warranting extension of the limited exception and application of the retrial bar.

Further, assuming we were to impute the officer's conduct to the prosecutor in this instance, the narrow exception might still not be available to the appellee. From the state of the record, we have grave reservation as to whether the officer was intending to "goad" the appellee into moving for a mistrial in order to obtain some sort of prosecutorial advantage. See generally *Oregon v. Kennedy*, supra at 676; cf. *Fugitt v. State*, 253 Ga. 311, 316 (319 SE2d 829) (the evidence does not show that any alleged incident of harassment was *intended* to subvert the protections of the double jeopardy clause). Rather, it appears that the officer was attempting to place the prohibited evidence before the jury to enhance the likelihood of appellee's conviction. "Mistrial" is a proper remedy to use to negate the potentially prejudicial effect of such evidence when a curative instruction will not suffice. We see no need to add gratuitously the extreme sanction of double jeopardy in the absence of genuine prosecutorial overreaching or similar judicial conduct.

We are satisfied that upon retrial the conduct of the officer can be adequately controlled by a timely order to the witness by the trial judge to refrain from any form of repetition of such testimony. See, e.g., OCGA § 16-1-4. Such a procedure should adequately protect the fair trial rights of the appellee on retrial.

Whether the officer's conduct has resulted in delay chargeable to the prosecution upon retrial, or whether the appellee has another avenue available to him to seek compensation for the conduct of the officer are matters currently not before this court. Suffice it to say, that the appellee's remedy does not lie under the protective mantle of double jeopardy.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

Decided January 29, 1988.

*Ralph T. Bowden, Jr., Solicitor, N. Jackson Cotney, Jr., Assistant Solicitor*, for appellant.
*Casper Rich*, for appellee.