## 75547. WELLS v. THE STATE.
(365 SE2d 873)

BENHAM, Judge.

Appellant was convicted of burglary and aggravated assault. On appeal, he raises three enumerations of error. We affirm the judgment of conviction.

1. While the trial court was calling the calendar, it called a case against appellant other than the case involved in this appeal. Appellant moved for a postponement or a continuance, contending that the

prospective jurors were prejudiced against him by having heard the announcement of another case against him. The trial court denied the motion, and appellant contends that denial was reversible error. We disagree.

As appellant acknowledged in his brief, all motions for continuance are addressed to the discretion of the trial court and denial of such motions will not be reversed by this court unless an abuse of discretion is shown. OCGA § 17-8-22; *Hammonds v. State*, 157 Ga. App. 393 (2) (277 SE2d 762) (1981). The trial court, in making its ruling, pointed out that the calendar call was addressed to the members of the bar who were present, and not to the prospective jurors. Although he could have done so during voir dire, appellant made no effort to show that those prospective jurors who were eventually selected to hear appellant's case heard and were influenced by the trial court's calling of the other case. Since he failed to make such a showing, we find no abuse of the trial court's discretion in denying appellant's motion. This case is distinguishable from *Smith v. State*, 177 Ga. App. 504 (340 SE2d 28) (1986), upon which appellant relies, because in *Smith*, the impaneled jury was specifically given written documentation of a defendant's indictment for an offense unrelated to that for which he was being tried, with no limiting instruction as to the purpose for the evidence. The trial court here did not err in denying appellant's motion. *Davis v. State*, 143 Ga. App. 329 (4) (238 SE2d 289) (1977).

2. During the cross-examination of the county sheriff's chief investigator, one of the State's witnesses, appellant's counsel asked, "When was the defendant arrested? Do you have that information?" The witness responded, "On — on this charge, sir?" Appellant's counsel then moved for a mistrial on the grounds that by implication the witness told the jury that appellant had been arrested on charges other than the one for which he was being tried. The trial court denied the motion, and appellant contends that the denial was error. We find no such error. "Where counsel elicits testimony unfavorable to his client, he will not be heard to object to it. [Cit.]" *Cole v. State*, 156 Ga. App. 6 (2) (274 SE2d 64) (1980). If there was any error, it was induced by defense counsel, and therefore cannot be complained of on appeal. Id. at Division 5.

3. The victim testified on direct examination that he was in an office one day and he "saw three mug shots as I call them." After several more questions, he stated that he recognized one of the pictures as that of appellant, the man who shot him. At that point, appellant's counsel moved for a mistrial, contending that the identification by the witness of the photographs as mug shots was prejudicial to his client because it placed his character in issue. The trial court refused to grant a mistrial, and appellant claims reversible error oc-

curred with that denial. "The testimony that a photograph is a 'mug shot' from the files of the police department does not put the defendant's character in issue. [Cits.]" *Hunter v. State*, 170 Ga. App. 356, 357 (317 SE2d 332) (1984).

*Judgment affirmed. Banke, P. J., concurs. Carley, J., concurs in Divisions 1, 3 and in judgment.*

DECIDED FEBRUARY 2, 1988.

*James E. Peugh*, for appellant.
*Joseph H. Briley, District Attorney, Alberto Martinez, Assistant District Attorney*, for appellee.