A94A0225. HARRIS v. THE STATE.
(441 SE2d 255)

BLACKBURN, Judge.

The appellant, Willie James Harris, was convicted of possession of cocaine with intent to distribute, and possession of marijuana with intent to distribute. Harris was initially tried in April 1992, but that proceeding ended in a mistrial, and he was retried in October 1992. On appeal, he contends that the trial court erred in denying his motion to bar his second prosecution, and in denying his motion for mistrial asserted in the second trial.

1. During the first trial, after the jury was sworn, the State moved for a continuance because a state crime lab witness who analyzed the contraband did not appear for trial. When the trial court denied that request, the prosecutor attempted to prove the suspected contraband was cocaine and marijuana by the testimony of the arresting officer. After establishing that the contraband was found in Harris's jacket pocket, the prosecutor reiterated by asking that officer: "And those were found ---?" Before the prosecutor finished the question, the officer responded: "To be positive at the crime lab, for marijuana and ---." The prosecutor interrupted the officer's response by clarifying: "I mean where were they found?" The trial court then granted defense counsel's motion for mistrial, on the grounds that the question and answer improperly brought in the results of the state crime lab report.

Where a mistrial is granted at a defendant's request, normally the defendant may be tried again. *State v. Maddox*, 185 Ga. App. 674 (365 SE2d 516) (1988). However, "if a mistrial is granted on the grounds of prosecutorial overreaching and such was motivated by bad faith on the part of the prosecuting attorney or with the intention to

harass or prejudice the defendant, for example, by successive prosecutions or by declaration of a mistrial in order to afford the prosecution with a more favorable opportunity to convict, then a defendant's retrial is barred. [Cits.]" Id. at 675.

At the hearing on the motion to bar the second prosecution, the former prosecutor explained that he had subpoenaed the state crime lab witness for trial, and the week before trial had confirmed the witness's availability. However, he had not been able to contact her subsequently to inform her exactly when to appear. The prosecutor acknowledged that when the trial court denied his request for a continuance, he had met with the arresting officer and advised him that it would be necessary to establish by the officer's testimony that the contraband was cocaine and marijuana. However, he denied discussing or suggesting the contents of the officer's testimony. He also acknowledged that he was pleased when the trial court declared a mistrial, but denied manipulating the arresting officer's testimony so as to goad the defendant into moving for mistrial.

In denying Harris's motion to bar the second prosecution, the trial court observed that during the first trial the prosecutor (1) may have misrepresented the extent of his communications with the state crime lab witness, and (2) may have violated the spirit of the rule of sequestration when he advised the arresting officer of the evidentiary dilemma presented by the absence of the state crime lab witness. However, the court concluded that the prosecutor's actions did not rise to the level of prosecutorial misconduct intended to subvert the double jeopardy clause. Under the circumstances of this case, we agree and find that the trial court did not abuse its discretion in denying the motion to bar the prosecution.

2. Harris also contends that the trial court should have granted his motion for mistrial asserted in the second trial, based upon an atmosphere of anti-drug fervor generated by a rally held on the courthouse steps during the week of his trial, which some of the jurors may have attended.

The record shows that after the statutory qualification of the jury panel, in which the trial court inquired as to any prejudice or bias felt by the potential jurors, defense counsel had no objections to the qualifications of the panel. Following general voir dire of the panel, defense counsel also indicated that he had no individual voir dire questions to propound. Although defense counsel observed during voir dire that some of the jurors wore red ribbons in support of the anti-drug rally, it was not until after the jury was selected and sworn that defense counsel raised the question of the jury's partiality resulting from the rally.

Under these circumstances, Harris's challenge of the jury's impartiality was untimely. If known to a party or his counsel, such an

objection must be made before the jurors are sworn. OCGA § 15-12-167.

Nevertheless, even if the objection had been raised timely, the trial court properly denied the motion for mistrial. "[A] juror who has fear of, or some trepidation to, or some particular abhorrence to, a *specific crime*, is [not] per se disqualified for cause as a juror in a trial of that type criminal case. We conclude most law-abiding citizens find . . . crime abhorrent." *Harris v. State*, 178 Ga. App. 735, 736-737 (344 SE2d 528) (1986). In the instant case, there was no showing that any anti-drug sentiments encouraged by the rally were directed specifically towards Harris as an offender, rather than that particular type of offense, and the trial court thus did not abuse its discretion in denying the motion for mistrial. Id.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 2, 1994 —
RECONSIDERATION DENIED FEBRUARY 17, 1994 — 

*Gilbert J. Murrah*, for appellant.
*J. Brown Moseley, District Attorney, Ronald S. Smith, Assistant District Attorney*, for appellee.