## A96A1319. KEITH v. THE STATE.
(474 SE2d 256)

BLACKBURN, Judge.

This is the second appearance of this case before this Court. Hela Ann Keith was convicted of the misdemeanor offense of permitting another to unlawfully operate a vehicle. Keith appealed, arguing that the trial court erred in requiring her to try the case without her attorney present and in failing to grant her a jury trial. We remanded with direction that the trial court determine whether these rights were waived. *Keith v. State*, 218 Ga. App. 729, 730-731 (463 SE2d 51) (1995). On remand the trial court found that these rights were not waived and set aside Keith's conviction. The trial court also denied Keith's plea in bar based on double jeopardy seeking to bar a retrial. Keith now appeals the denial of her plea in bar.

Keith contends that, by requiring her to represent herself at the initial trial without the benefit of counsel, both the trial court and the prosecutor engaged in misconduct warranting the imposition of the double jeopardy bar. Pretermitting the issue of whether there was any judicial or prosecutorial misconduct, we disagree.

"It has been recognized in many cases that the primary purpose underlying the Double Jeopardy Clause is to prohibit the retrial of a criminal defendant where the prosecution has, at the initial trial, produced insufficient evidence to sustain a conviction. [Cits.] The general rule is that retrial of the defendant is not barred where reversal of the conviction results from trial error rather than evidentiary insufficiency." *Williams v. State*, 258 Ga. 305, 311 (369 SE2d 232) (1988). "[E]ven intentional prosecutorial misconduct do[es] not raise the bar of double jeopardy, notwithstanding the fact that the defendant was thereby deprived of due process of law, unless the prosecutor's actions were intended to subvert the protections

afforded by the Double Jeopardy Clause. [Cits.]" Id. at 312; see also *Benford v. State*, 164 Ga. App. 733, 734-735 (298 SE2d 39) (1982) (suggesting that the same standards apply to both prosecutorial and judicial misconduct). Keith's conviction was overturned for trial error and not evidentiary insufficiency. Furthermore, although the need for a retrial was arguably a foreseeable consequence of the prosecutor's and trial court's actions during the initial trial, no evidence suggests that retrial was an *intended* consequence. Accordingly, the trial court properly determined that the double jeopardy bar did not apply.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 24, 1996.

*Green & Associates, Patrick H. Head,* for appellant.

*Keith C. Martin, Solicitor, Evelyn Proctor, Assistant Solicitor,* for appellee.