A96A2160. THE STATE v. BARNES.
(476 SE2d 646)

ELDRIDGE, Judge.

The State appeals the order of the trial judge from the State Court of Cobb County granting appellee's plea in bar and the subse-

quent dismissal of the accusation charging appellee with the offense of DUI.

During the jury trial, Officer Christie Lynn Dale, a two-year veteran of the Cobb County Police Department, testified that she had been dispatched to an auto accident call at Cardell Road in Cobb County; Officer Dale was not the first officer called to the scene, and by the time she arrived, the vehicles involved in the accident were empty. Appellee, swaying and smelling strongly of alcohol, was standing alongside the cars.

Officer Dale had been instructed prior to trial not to mention anything she might have been told by other persons who were present on the scene, as this information would be inadmissible hearsay; therefore, Dale was unable, through her own testimony, to place appellee behind the wheel of one of the cars involved in the accident, although she was aware that he had been through information given to her from a bystander, James Freeman. Mr. Freeman was not available to testify at trial.

After court had concluded for the day, Officer Dale expressed to the prosecutor her frustration that, because of the hearsay rule, she had been unable to convey to the jury the extent of her knowledge of the incident; Officer Dale referred to her necessarily incomplete testimony as "lying" to the jury. Counsel for appellee overheard these comments and brought the matter to the court's attention before trial commenced the next morning. Defense counsel's position was that Dale's comments reflected that her testimony on the previous day had been false and that the jury had a right to this information. All parties agreed that the officer's reference to her testimony as "lying" was a proper subject for examination before the jury.

In an attempt to do "damage control," the prosecutor brought up the issue during her redirect of Officer Dale. Dale explained "I was angry. I don't remember my exact words. But the reason I feel the way I do is because I've been instructed — there's things I can't testify to. I can't say — and I feel like I'm —." Thereafter, defense counsel objected and made a motion for mistrial out of the presence of the jury on the grounds that Dale's explanation implied that the officer was being forced to "hide" information from the jury; the trial court denied the motion; Dale was instructed to refrain from giving the impression that evidence was being "suppressed"; and the examination continued.

The prosecutor again asked the officer to explain to the jury the reason for her comments about lying; Officer Dale explained "[t]here's issues that I've been instructed not to discuss. And that's really basically why I said what I said. It frustrates me. There's things I can't talk about." Defense counsel made another motion for mistrial outside the presence of the jury on the same grounds as

before; defense counsel's argument included the notion that the officer should not have been allowed to explain her comments at all: "There is no reason for lying, Your [sic] Honor. She either said she lied or not." A lengthy discussion ensued which included the trial court's recognition of the validity of the officer's obvious frustration: "Well, I understand it's frustrating. But it's something that the more — the longer you're a police officer, maybe the easier it will be to deal with." However, the trial court granted appellee's motion for mistrial, finding that "the damage that has been done cannot be undone."

At the subsequent hearing on appellee's motion for plea in bar, the trial court determined that there had been no misconduct on the part of the State: "Ms. Kendall [prosecutor] was trying to somehow rectify what had happened the previous day outside the presence of the jury." However, the trial court determined that Officer Dale had deliberately caused a mistrial because it was the officer's day off. The trial court was provided with our decision in *State v. Maddox*, 185 Ga. App. 674 (365 SE2d 516) (1988) (narrow exception barring retrial after motion for mistrial does not extend to misconduct of police officer) and read it into the record. Nonetheless, the trial court determined that "in spite of the evidence — I mean in spite of the holding in *State v. Maddox*, I'm going to grant the plea in bar. I'm going to let — if the State wants to take it up, the State can take it up and see whether or not this is one of those cases that is going to extend this — extend the holdings regarding double jeopardy. . . . I don't think you can force a Defendant to trial over and over again because a police officer wants to be off that day."

It appears to this Court that counsel for appellee may have induced any alleged error in this case; it would seem axiomatic that appellee may not assert on the record his intent to question Officer Dale about her extrajudicial comments and thereafter object to her legitimate explanations for those comments because the explanations proved to be more prejudicial than the comments were beneficial. " '(A) party will not be heard to complain of error induced by his own conduct. . . . (Cits.)' [Cit.]" *Littlefield v. State*, 197 Ga. App. 343, 344 (398 SE2d 375) (1990); *Wells v. State*, 185 Ga. App. 721 (365 SE2d 873) (1988); *Cole v. State*, 156 Ga. App. 6 (274 SE2d 64) (1980).

However, pretermitting the above and even assuming, arguendo, that the record supports the trial court's determination, which it does not, this case falls squarely within our holding in *Maddox*, supra, and we decline the trial court's invitation to "extend the holdings of double jeopardy" to encompass the granting of a plea in bar based on a mistrial caused by the conduct of a police officer. "We see no need to add gratuitously the extreme sanction of double jeopardy in the absence of genuine prosecutorial overreaching or similar judicial conduct." Id. at 676.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

D<small>ECIDED</small> S<small>EPTEMBER</small> 24, 1996.

*Benjamin F. Smith, Jr., Solicitor, Keith M. Olmert, Cindi T. Yeager, Barry E. Morgan, Assistant Solicitors*, for appellant.
*Judson R. Knighton*, for appellee.