29 October 1999

No. 2--98--1062

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Ogle County.

)

Plaintiff-Appellee, )

) 

v. ) No. 95--CF--55

)

WILLIE WALKER, ) Honorable

) John B. Roe,

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

Following a jury trial, defendant, Willie Walker, was found guilty of two counts of criminal sexual assault (720 ILCS 5/12--

13(a)(1) (West 1998)).  He was sentenced to consecutive sentences of 30 years' imprisonment for the first count and 15 years' imprisonment for the second count.  During the trial, defendant moved for a mistrial because one of the State's witnesses testified about defendant's prior sexual assaults.  Before this testimony, the trial court stated that defendant's prior convictions, including convictions of sexual assault, could be presented only if defendant testified.  The trial court denied defendant's motion for a mistrial, defendant appealed, and  this court reversed and remanded for a new trial.  See 
People v. Walker
, No. 2--96--1063 (1997)(unpublished order under Supreme Court Rule 23).  When the cause was remanded, defendant moved to dismiss the charges, claiming that the prosecutor's misconduct caused him to move for a mistrial.  Thus, defendant argued that retrying him would amount to double jeopardy.  The trial court denied defendant's motion.  Defendant now appeals, arguing that his motion to dismiss the charges should have been granted.  We affirm.

Prior to defendant's trial, the State presented a motion 
in limine
, asking that it be allowed to present evidence of defendant's prior sexual assaults.  The State wanted to present this evidence so that it could establish defendant's 
modus
 
operandi
 for committing the current sexual assaults.  Defendant filed a motion to bar the prosecution from presenting his prior convictions to the jury, which included convictions of sexual assaults.  The trial court denied the State's motion and stated that evidence of defendant's prior sexual assaults could be presented to impeach defendant only 
if he testified.

At the trial, one of the State's witnesses, Detective Debra Dewey, testified about knowing defendant because of his prior sexual assaults.  Detective Dewey testified as follows:

“MS. KAUFFMAN [Assistant State's Attorney]: And did you in fact speak with [the victim's] mother and [the victim's sister]?

DETECTIVE DEWEY: Yes.  I told [the victim], I said your sister's only 16, let me talk to your mother *** and I spoke to [her mother] on the telephone, explaining to her that I was familiar with [defendant], I've known him for many years throughout my career, and I was aware that there were some prior public records involving [defendant's] past sexual [
sic
] violent behavior[.]

MR. CAMPBELL [defendant's attorney]: Objection move to strike.

THE COURT: That objection will be sustained, the jury will disregard that answer.

DETECTIVE DEWEY: I had encouraged the mother to bring [the victim] and her, her other daughter *** to the Ogle County courthouse and to speak directly with the probation department and the state's attorney's office and to look up the public records involving [defendant].

MR. CAMPBELL: Objection, move to strike.

THE COURT: That answer will be stricken as well, jurors will disregard that answer.”

Defendant moved for a mistrial.  The trial court denied the motion, and the jury found defendant guilty of two counts of criminal sexual assault.  Defendant appealed his conviction to this court, and this court concluded that defendant's motion for a mistrial should have been granted.  See 
People v. Walker
, No. 2--

96--1063 (1997)(unpublished order under Supreme Court Rule 23).  
Defendant's cause was remanded for a new trial, and defendant moved to dismiss the charges because retrying him would amount to double jeopardy.

At the hearing on defendant's motion, Detective Dewey testified that she has been a police officer for around 13 years, and she has worked on around 150 sexual assault cases.  During her career, she has testified in three jury trials and a couple hundred bench trials.  Of this total number, 20 of the cases in which Detective Dewey testified were sexual assault or rape cases.  She stated that she has known defendant for around 12 years, that she  arrested defendant for a prior sexual assault, and that she believed defendant was guilty of these sexual assaults.  Detective Dewey testified that Assistant State's Attorney Kathleen Kauffman spoke with her before she testified, and Assistant State's Attorney Kauffman told her not to testify about defendant's prior sexual assaults.

Assistant State's Attorney Kauffman testified that she told Detective Dewey that the State's motion 
in
 
limine
 had been denied.  Therefore, no evidence of defendant's prior sexual assaults could be presented to establish defendant's 
modus
 
operandi
 in committing the present sexual assaults.  Assistant State's Attorney Kauffman also told Detective Dewey that the trial court would allow evidence of defendant's prior convictions to be used only if defendant testified.  Detective Dewey was told about the trial court's rulings right before she testified.  On cross-examination, Assistant State's Attorney Kauffman stated that she did not intend to cause a mistrial when she asked Detective Dewey if the detective spoke with the victim's mother and sister, that she did not intend to elicit information about defendant's prior convictions, and that she thought the trial was going well before Detective Dewey testified about defendant's prior sexual assaults.

After hearing all of the evidence, the trial court denied defendant's motion to dismiss the charges.  The trial court denied the motion because it found no evidence of prosecutorial misconduct.  However, the trial court also made the following statement:

 “Detective Dewey intentionally disregarded the [trial] court's rulings, proffered the barred testimony, and even after the [trial] court sustained an objection to Detective Dewey's first of two stricken statements, the detective again disregarded the [trial] court's ruling and proffered clearly barred testimony when there was no question pending.

Based on the record, the conduct of the witness cannot be imputed to the State.  The court finds no evidence of misconduct or overreaching, and [d]efendant's motion to bar retrial based on the basis of double jeopardy is denied.”

This timely appeal followed.

The defense of double jeopardy combines questions of law and fact.  
People v. Scales
, 18 Ill. 2d 283, 286 (1960).  Unless the defendant presents his defense of double jeopardy to the trial court, there is no way for the reviewing court to determine whether the defendant's claim of double jeopardy involves questions of law or fact.  
Scales
, 18 Ill. 2d at 286.  

A question of law arises when neither the credibility of the witnesses nor the facts are at issue.  
People v. Oaks
, 169 Ill. 2d 409, 447-48 (1996).
  In cases involving questions of law, the standard of review is 
de novo
.  
People v. Krause
, 273 Ill. App. 3d 59, 62 (1995).   

Here, defendant argued that the statements Detective Dewey made should be imputed to the State, should amount to prosecutorial overreaching, and should serve as a bar to his retrial.  Because defendant's argument only concerns a question of law, this court will review the issue 
de novo
.

Generally, the double jeopardy clause protects against (1) retrying a defendant for the same offense after the defendant has been acquitted; (2) retrying the defendant for the same offense after the defendant has been convicted; and (3) issuing multiple punishments to the defendant for the same offense.  
People v. Levin
, 157 Ill. 2d 138, 144 (1993).  With reference to retrying a defendant after he has been convicted, a defendant generally may be retried for an offense after the reviewing court has reversed his conviction.  
People v. Harbold
, 262 Ill. App. 3d 1067, 1069 (1994). 

However, an exception to this general rule arises when the defendant's conviction resulted from prosecutorial overreaching.  
People v. Brown
, 222 Ill. App. 3d 703, 711 (1991).  The definition of prosecutorial overreaching is “prosecutorial misconduct specifically designed to cause or provoke a mistrial in order to obtain a second, more favorable opportunity to convict the accused.”  
Brown
, 222 Ill. App. 3d at 711.  Prosecutorial misconduct also arises when the prosecutor's conduct is “motivated by bad faith to harass or prejudice the accused.”  
Brown
, 222 Ill. App. 3d at 711.  In order for double jeopardy to attach in a case where the prosecution has harassed the defendant or overreached its authority, it must be shown that the prosecution intended to subvert the protections that are guaranteed under the double jeopardy clause.  
Oregon v. Kennedy
, 456 U.S. 667, 675-76, 72 L.E. 2d 416, 424, 102 S. Ct. 2083, 2089 (1982).

The problem presented in this appeal is whether or not the conduct of the State's witness can be imputed to the State and serve as a bar to defendant's retrial.  Our research and the parties' briefs revealed that this is a case of first impression in Illinois.  However, other states have addressed the issue.  See
 
Commonwealth of Pennsylvania v. Johnson
, 417 Pa. Super. 159, 611 A.2d 1315 (1992) (State witness's conduct was not imputed to the State when witness was told not to testify about the threats that the defendant made to the victim, and the witness testified about the threats anyway); 
Commonwealth of Pennsylvania v. Gravely
, 486 Pa. 194, 404 A.2d 1296 (1979) (action of police officer was not imputed to the State to bar the defendant's retrial where police officer was told not to testify about the defendant's polygraph test results and testified about the results on cross-examination).
 

Moreover, our research revealed a Georgia Appellate Court case that is factually very similar to the case presented here.  In 
State v. Maddox
, 185 Ga. App. 674,___, 365 S.E.2d 516, 517  (1988), a police officer testified that the defendant had two prior DUI convictions.  The defendant moved for a mistrial, and the trial  court granted the motion.  
Maddox
, 185 Ga. App. at ___, 365 S.E.2d at 517.  The defendant then moved to have the charges against him dismissed, arguing that retrying him would amount to double jeopardy.  
Maddox
, 185 Ga. App. at ___, 365 S.E.2d at 517.  The trial court granted the defendant's motion and made the following findings of fact: (1) the police officer was experienced and had testified in trials before; (2) the police officer's testimony was unresponsive to the State's question; and (3) the State had told the police officer not to testify about the defendant's prior DUI convictions.  
Maddox
, 185 Ga. App. at ___, 365 S.E.2d at 517.  

The Georgia Appellate Court reversed the trial court and concluded that double jeopardy would attach in this situation only
 if it was shown that the prosecutor actively aided, counseled, or became a willing party in the error that was generated by the police officer's inappropriate testimony.  
Maddox
, 185 Ga. App. at ___, 365 S.E.2d at 518.  The appellate court further stated that it appeared that the officer was attempting to place prohibited evidence before the jury to enhance the likelihood of defendant's convictions and was not intending to subvert the protections of the double jeopardy clause.  
Rather, the police officer was trying to enhance the likelihood that the defendant would be convicted.  
Maddox
, 185 Ga. App. at ___, 365 S.E.2d at 518. 

Here, as in 
Maddox
, Detective Dewey had experience testifying, she was told not to testify about defendant's prior sexual assaults, and her answer that contained the improper testimony was not responsive to the prosecutor's question.  Further, no evidence was presented that Detective Dewey was trying to “goad” defendant into moving for a mistrial, and no evidence was presented that Assistant State's Attorney Kauffman actively aided, counseled, or became a willing party in making Detective Dewey testify about defendant's prior sexual assaults.  Rather, the evidence indicated that Assistant State's Attorney Kauffman specifically told Detective Dewey not to testify about defendant's prior sexual assaults.  Because the record contains no evidence that Assistant State's Attorney Kauffman was involved, in even the slightest way, with eliciting the inappropriate testimony from Detective Dewey, we conclude that double jeopardy does not bar defendant's retrial because there was no prosecutorial misconduct.

Defendant argues that Detective Dewey's statements should be imputed to the State and bar defendant's retrial because the police "act as an arm in investigating and prosecuting crimes."  While we recognize that the police department is an agent of the State, the State's Attorney is a constitutional officer with the ultimate responsibility of charging and prosecuting individuals.  See Ill. Const. 1970, art. VI, §19; 55 ILCS 53-9005 (West 1998).  Allowing a police officer's inappropriate trial testimony, without collusion by the prosecutor's office, to bind the State on double jeopardy principles would infringe on the State's Attorney's independent power to decide whether or not to prosecute a defendant for an offense. 
 We believe that imputing a police officer's comments to the State and holding that double jeopardy attaches, in the absence of prosecutorial misconduct,
 when a police officer testifies about explicitly excluded evidence would take away the unique authority to prosecute offenders that is granted to the State's Attorney.

We find support for this position in 
Maddox
.  In 
Maddox
, the court agreed with the trial court's statement that a police officer, like the prosecutor, is an agent of the State.  
Maddox
, 185 Ga. App. at ___, 365 S.E.2d at 517.  However, the court went on to note that a prosecutor and a police officer differ in their duties, responsibilities, authority, and scope of employment.  
Maddox
, 185 Ga. App. at ___, 365 S.E.2d at 517-8.  Because of these differences, the court concluded that the actions of a police officer alone could not amount to prosecutorial overreaching, could not be imputed to the State, and could not bar a defendant's retrial on double jeopardy grounds.  
Maddox
, 185 Ga. App. at ___, 365 S.E.2d at 518.  Therefore, we are not persuaded by defendant's argument.  

For these reasons, the judgment of the circuit court of Ogle County is affirmed.

Affirmed.

HUTCHINSON and GALASSO, JJ., concur.