*Susan B. Wardell*, for appellee.

A04A0579. PAUL v. THE STATE.
(596 SE2d 670)

ELLINGTON, Judge.

The Superior Court of Richmond County denied Larry Paul's plea in bar, rejecting Paul's claim that a retrial on charges of aggravated assault and possession of a knife was barred by double jeopardy. Paul appeals, reasserting his double jeopardy argument. Finding no error, we affirm.

Because a trial court sits as the factfinder when ruling on a plea of double jeopardy, the appellate court will uphold its resolution of factual issues unless it is clearly erroneous. *State v. Thomas*, 275 Ga. 167, 168 (562 SE2d 501) (2002). "A trial court's findings of fact will not be deemed to be clearly erroneous if there is any evidence to support them, and this holds true even if the findings are based upon circumstantial evidence and the reasonable inferences which flow from them." Id.

At his first trial, the evidence showed that Paul stabbed another man in a bar, causing severe injuries. See *Paul v. State*, 240 Ga. App. 699-700 (524 SE2d 549) (1999), rev'd, 272 Ga. 845, 849 (3) (537 SE2d 58) (2000). Paul asserted two affirmative defenses: self-defense and insanity, specifically "post-traumatic stress disorder resulting from his combat service in Vietnam." 240 Ga. App. at 699-700. The Supreme Court of Georgia granted Paul's petition for writ of certiorari and reversed Paul's conviction based on the trial judge's violation of OCGA § 17-8-57. *Paul v. State*, 272 Ga. at 849 (3). The Supreme Court concluded the trial judge "took a prosecutorial role in the trial of the case, and intimated his opinion as to the credibility of witnesses and the guilt of the defendant." Id. at 846 (1). The Supreme Court cited several exchanges between the trial judge and various witnesses, such as when the trial judge questioned an expert defense witness "in such a way as to point out that post-traumatic stress disorder, a key component of defendant's psychiatric defense, can be faked[,]" and

also to suggest that Paul's suicide attempts had been insincere. Id. at 846-848 (1). As the Supreme Court held,

> the trial judge crossed the line when he questioned defendant's experts about post-traumatic stress syndrome and attempted suicide. In each of those instances, the trial judge effectively disparaged defendant's psychiatric defense and intimated that he gave it no credence whatsoever. It follows that the trial judge violated OCGA § 17-8-57. The jury easily could have interpreted the trial judge's remarks as an expression of opinion on the issues to be decided in the case. Extreme anxiety to develop the truth as to facts which, if proved, will be peculiarly beneficial to one of the parties in the case and correspondingly detrimental to the other can easily be mistaken by the jury for a manifestation of the judge's conviction that one party rather than the other should prevail.

(Citations and punctuation omitted.) Id. at 848 (1).

Paul contends the trial judge's misconduct, which the Supreme Court found "seriously affect[ed] the fairness, integrity, and public reputation"[1] of his first trial, was so egregious that a retrial would constitute the type of "harassment of an accused by successive prosecutions"[2] that the Double Jeopardy Clause forbids. In making his double jeopardy argument, Paul likens the trial court's violation of OCGA § 17-8-57 to prosecutorial misconduct which is intended to goad a defendant into moving for a mistrial. But harassment and overreaching are not enough to bar retrial; the Double Jeopardy Clause imposes that "extreme sanction"[3] only where the prosecutor or trial judge intended to provide the State "a more favorable opportunity to convict the defendant." (Citation and punctuation omitted.) *Oregon v. Kennedy*, 456 U. S. 667, 674-676 (II) (102 SC 2083, 72 LE2d 416) (1982).

> It has been recognized in many cases that the primary purpose underlying the Double Jeopardy Clause is to prohibit the retrial of a criminal defendant where the prosecution has, at the initial trial, produced insufficient evidence to sustain a conviction. The general rule is that retrial of the defendant is not barred where reversal of the conviction

---

[1] (Citation and punctuation omitted.) *Paul v. State*, 272 Ga. at 849 (3).

[2] (Citations and punctuation omitted.) *United States v. Dinitz*, 424 U. S. 600, 611 (96 SC 1075, 47 LE2d 267) (1976).

[3] (Citation and punctuation omitted.) *State v. Barnes*, 222 Ga. App. 875, 877 (476 SE2d 646) (1996).

results from trial error rather than evidentiary insufficiency. Even intentional prosecutorial misconduct does not raise the bar of double jeopardy, notwithstanding the fact that the defendant was thereby deprived of due process of law, unless the prosecutor's actions were intended to subvert the protections afforded by the Double Jeopardy Clause.

(Citations and punctuation omitted.) *Keith v. State*, 222 Ga. App. 360, 360-361 (474 SE2d 256) (1996). See *Benford v. State*, 164 Ga. App. 733, 734-735 (298 SE2d 39) (1982) (suggesting that the same standards apply to both prosecutorial and judicial misconduct). The Supreme Court of Georgia has rejected the argument that the double jeopardy bar should be expanded to become a type of exclusionary rule, to exclude retrial whenever intentional governmental misconduct is so egregious and prejudicial that it denies the defendant a fair trial. *State v. D'Auria*, 229 Ga. App. 34, 35 (492 SE2d 918) (1997), rev'd on other grounds, *D'Auria v. State*, 270 Ga. 499 (512 SE2d 266) (1999), citing *Dinning v. State*, 267 Ga. 879, 881 (485 SE2d 464) (1997). Thus, a defendant can be retried if the record did not show the prosecutor's conduct "was for the purpose of aborting the trial and securing an opportunity to retry the case." 267 Ga. 881.

In the context of a granted motion for mistrial, governmental misconduct will support a plea in bar based on double jeopardy if the prosecutor or trial judge intended to goad the defendant into moving for a mistrial. *State v. D'Auria*, 229 Ga. App. at 35-36.[4] In the context of a reversal or grant of a motion for new trial, on the other hand, double jeopardy may bar a retrial where the prosecutor intended "to prevent an acquittal that the prosecutor [or the trial judge accused of misconduct] believed at the time was likely to occur in the absence of his misconduct." (Citations and punctuation omitted.) Id. at 36. Paul's conviction was overturned for judicial misconduct and not evidentiary insufficiency. *Paul v. State*, 272 Ga. at 849 (3). The trial judge's conduct in revealing those opinions to the jury has been held to be error, and it has been corrected by the grant of a new trial. Id. But

---

[4] See *Oregon v. Kennedy*, 456 U. S. at 679 (II) (where "the [governmental] conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial," a second trial is impermissible); *Lackes v. State*, 274 Ga. 297, 300 (3) (553 SE2d 582) (2001) ("In order for prosecutorial misconduct to bar retrial after a new trial is ordered, it generally must be shown that the State intended to goad the defendant into moving for a mistrial in order for the State to avoid a reversal due to prosecutorial or judicial error, or otherwise to obtain a more favorable verdict on retrial.") (punctuation and footnote omitted); *State v. Maddox*, 185 Ga. App. 674, 675 (365 SE2d 516) (1988) ("[I]t is only where the governmental conduct in question is intended to goad the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.") (citation and punctuation omitted).

"although the need for a retrial was arguably a foreseeable consequence of the . . . trial court's actions during the initial trial, no evidence suggests that retrial was an *intended* consequence [of the misconduct]." (Emphasis in original.) *Keith v. State*, 222 Ga. App. at 361. Nothing in this record supports a conclusion that the trial judge thought an acquittal was likely to occur in the absence of his misconduct or that he wanted to provide the State a chance to retry Paul with "a road map of the defense."[5] Indeed, the record and the certiorari decision both suggest the opposite, that the trial judge considered Paul's version of events and his psychiatric defense so lacking in credibility that conviction was virtually guaranteed. As the record supported a finding that the trial judge did not engage in misconduct "with the intent to prevent an acquittal which was likely to occur in the absence of his misconduct,"[6] the trial court correctly denied Paul's plea in bar. *Dinning v. State*, 267 Ga. at 881; *Hardy v. State*, 258 Ga. 523, 524 (371 SE2d 849) (1988); *State v. D'Auria*, 229 Ga. App. at 36; *Keith v. State*, 222 Ga. App. at 361. Cf. *State v. Thomas*, 275 Ga. 167, 168 (562 SE2d 501) (2002) (trial court's finding that prosecutor intentionally goaded defendant into moving for a mistrial was authorized by evidence that prosecutor gave conflicting and unconvincing explanations for a patently improper question, failed to seek curative instructions or argue against a mistrial, and stood to gain by aborting the trial because an expert's testimony was favorable to the defendant).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED MARCH 4, 2004 — 

*Mark J. Kadish*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[5] See *United States v. Jozwiak*, 954 F2d 458, 460 (7th Cir. 1992).
[6] *State v. D'Auria*, 229 Ga. App. at 36.