## A06A1978. JACKSON v. THE STATE.
(638 SE2d 865)

MILLER, Judge.

Thomas Gabriel Jackson was tried on charges of rape and child molestation. When the jury could not return a verdict, the trial judge granted Jackson's motion for a mistrial. Jackson subsequently filed a plea in bar seeking to prevent his retrial, claiming that the wrongful conduct of the trial court had forced him to move for the mistrial. After the trial court denied the requested relief, Jackson filed this appeal. Discerning no error, we affirm.

Because the underlying facts are not in dispute, the question of whether Jackson is entitled to a plea in bar is one of law, which we review de novo. *State v. Brown*, 278 Ga. App. 827, 829 (630 SE2d 62) (2006).

The undisputed facts show that after a period of deliberation, the jury sent a note to the judge stating that it was "hopelessly deadlocked" because two jurors "vehemently refuse to consider the direct evidence." The judge brought the foreperson into court for questioning in an attempt to determine the cause of the deadlock.

After the foreperson stated that the two jurors were refusing to consider the evidence, the prosecutor asked that the jurors be replaced with alternates. Jackson's trial counsel, however, asked that the court question the two jurors. The judge agreed, and the jurors were questioned separately in an attempt to determine whether they were upholding their oath as jurors. After speaking with the two jurors, the judge indicated that she felt she had "[no] choice but to mistry the case," and Jackson's trial counsel agreed. The prosecution instead requested an *Allen*[1] charge, at which point trial counsel formally moved for a mistrial, which was granted by the court. Jackson subsequently retained new counsel and filed the instant plea in bar.

---

[1] *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).

Georgia law provides that an individual may not be retried "for the same crime based upon the same material facts" if the initial trial "[w]as terminated improperly after the jury was impaneled and sworn." OCGA § 16-1-8 (a). Termination of a trial is not improper under the statute where "[t]he accused consents to the termination or waives by motion to dismiss or other affirmative action his right to object to the termination." OCGA § 16-1-8 (e) (1). In this case, it is undisputed that defense counsel requested the mistrial.

Jackson argues that in questioning the two jurors, instead of giving an *Allen* charge to the full jury,[2] the trial judge tainted the jury and forced Jackson's counsel to request the mistrial. "In the context of a granted motion for mistrial, governmental misconduct will support a plea in bar based on double jeopardy if the prosecutor or trial judge intended to goad the defendant into moving for a mistrial." *Paul v. State*, 266 Ga. App. 126, 128 (596 SE2d 670) (2004). Additionally, the intentional misconduct must have been done with the objective of aborting the trial because the judge "thought an acquittal was likely to occur" and wanted to provide the State with a chance to retry the defendant. Id. at 129.

Both the statements of Jackson's trial counsel to the trial court and his testimony at the hearing on Jackson's plea in bar, however, refute this argument. After receiving the jury's note and discussing the options with the court and the prosecution, trial counsel asked if the judge wanted to give an *Allen* charge. The trial court explained that she did not think such a charge would address the issue and suggested that the foreperson be brought in for questioning. Trial counsel stated: "I think that's what you should do." When the foreperson indicated that the jurors were, in fact, refusing to uphold their oath, trial counsel requested that the court question those jurors, rather than replace them with alternates.

Finally, when asked why he moved for a mistrial, trial counsel testified that after the two jurors had been questioned, he knew the jury was split ten to two in favor of conviction. "So at that point I don't have a choice [but to request a mistrial], I don't think. At least I didn't think at the time and I stand by that. A motion for a mistrial is something I thought was in Jackson's best interest." This testimony shows that trial counsel's decision to request a mistrial resulted not from any improper conduct by the judge, but rather from trial counsel's hope that Jackson would find a more sympathetic jury on retrial.

---

[2] Notably, trial counsel never formally requested an *Allen* charge.

Under these circumstances, OCGA § 16-1-8 (e) (1) mandates a finding that Jackson's trial was properly terminated and that he is not entitled to a plea in bar.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 17, 2006.

*Brian Steel*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Nigel R. Lush, Leonora Grant, Assistant District Attorneys*, for appellee.