## A09A1140. OLIVARIA v. STATE.
### (687 SE2d 600)

PHIPPS, Judge.

During the state's presentation of evidence against Joseph Olivaria on a drug-related charge, a police officer who was waiting to testify on behalf of the state wrote on a chalkboard in the jury room "James Dunn [the prosecutor] is my hero." Olivaria moved for a mistrial, which the trial court granted. The trial court subsequently denied Olivaria's plea in bar on double jeopardy grounds, and he appeals. Finding no error, we affirm.

The appellate courts review the denial of a plea in bar for whether the trial court's findings of fact were clearly erroneous.[1] When a defendant seeks, and a court grants, a mistrial due to prosecutorial misconduct, retrial of the defendant does not present double jeopardy provided the state did not intend such misconduct to goad the defendant into moving for a mistrial.[2] For a defendant to succeed on a plea in bar under such circumstances, the defendant must demonstrate that the state was attempting through mistrial to secure an opportunity to retry the case, avoid reversal of a conviction, or otherwise obtain a more favorable outcome on retrial.[3] This inquiry requires the trial court to make findings regarding the prosecutor's intent.[4]

The police officer testified at a hearing on the plea in bar. The trial court found, on the basis of that testimony, that while the police officer knew that the room in which he wrote "James Dunn is my hero" was a jury room, he did not intend to influence the jury, and he was not acting as a result of information about the way the trial was

---

[1] *State v. Thomas*, 275 Ga. 167, 168 (562 SE2d 501) (2002).
[2] *State v. Traylor*, 281 Ga. 730, 731 (642 SE2d 700) (2007).
[3] Id. at 731-732.
[4] *Davis v. State*, 278 Ga. 305, 306 (1) (602 SE2d 563) (2004).

then proceeding. These findings were not clearly erroneous. Oliveria contends, nevertheless, that the police officer's conduct should be directly imputed to the state. We disagree. A police officer's conduct, even where intentionally framed on behalf of the state so as to goad the defense into seeking a mistrial, will not be imputed to the state.[5]

Moreover, the trial court specifically found no evidence that the prosecutor actively participated or promoted the police officer's conduct, and Olivaria has not contended that the prosecutor directed the police officer's actions. Absent evidence that the prosecutor "actively aided, counselled, or became a willing party to the error generated by the [police] officer," the trial court did not err in denying the plea in bar.[6]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 2, 2009 —
RECONSIDERATION DENIED DECEMBER 3, 2009 —

*Banks & Stubbs, Rafe Banks III*, for appellant.
*Penny A. Penn, District Attorney, Sandra A. Partridge, Assistant District Attorney*, for appellee.

---

[5] *Traylor*, supra, 281 Ga. at 732.

[6] *State v. Maddox*, 185 Ga. App. 674, 676 (365 SE2d 516) (1988); see also *State v. Barnes*, 222 Ga. App. 875, 877 (476 SE2d 646) (1996); accord *Weems v. State*, 269 Ga. 577, 580 (4) (501 SE2d 806) (1998).

