## 32563. RICKETTS v. WILLIAMS.

HALL, Justice.

Williams was convicted by a jury for the offense of rape. The trial court granted a motion for new trial on the ground that "the verdict is decidedly and strongly against the weight of the evidence." Code Ann. § 70-206. After having been granted a new trial, Williams entered a guilty plea to the offense of rape and received a five-year sentence. Some time later he filed a petition for habeas corpus. The habeas court held that the new trial order was "a finding that the evidence did not authorize the verdict" and that a retrial was barred under Code Ann. § 26-507 (d) (2). The state appealed and this court reversed. *Ricketts v. Williams,* 240 Ga. 148 (240 SE2d 41) (1978). Williams sought certiorari in the Supreme Court of the United States. On June 26, 1978, that Court vacated the judgment of this court and remanded the cause to this court for further consideration in light of Greene v. Massey, 437 U. S. — (98 SC 2151, 57 LE2d 15) (1978) and Burks v. United States, 437 U. S. — (98 SC 2141, 57 LE2d 1) (1978).

Greene and Burks, supra, hold ". . . that the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient. . ."

This court requested briefs and oral argument on the following question: "Does the grant of a new trial by the trial court on the ground that the verdict is against the weight of the evidence (Code § 70-206, which is the same ground found in Rule 33 of the Federal Rules of Criminal Procedure) amount to a finding that the evidence is legally insufficient and thereby bar a second trial under the Double Jeopardy Clause of the Federal Constitution?"

Our answer is negative. It is true that it makes no

difference whether the decision on the insufficiency of the evidence is made by the trial or the reviewing court. The result is the same if either finds the "evidence legally insufficient." However, there has always been a distinction between a decision holding the "evidence legally insufficient" and the discretionary decision of a trial court that the verdict is against the "weight of the evidence." The latter situation (Code Ann. § 70-206) is the same as Rule 33 of the Federal Rules of Criminal Procedure.

"A motion for new trial on the ground that the verdict is against the weight of the evidence must be distinguished from a motion for judgment of acquittal under Rule 29. The two motions may be combined, but they are governed by very different standards.

"On a motion for judgment of acquittal, the court is required to approach the evidence from a standpoint most favorable to the government, and to assume the truth of the evidence offered by the prosecution. If on this basis there is substantial evidence justifying an inference of guilt, the motion for acquittal must be denied.

"On a motion for new trial, however, the power of the court is much broader. It may weigh the evidence and consider the credibility of witnesses. If the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict may be set aside and a new trial granted. 'It has been said that on such a motion the court sits as a thirteenth juror. The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial on this ground should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.' 2 Wright & Miller, Federal Practice and Procedure: Criminal 486-487, § 553 (1969). See also *Merino v. State,* 230 Ga. 604 (198 SE2d 311) (1973); *Kramer v. Hopper,* 234 Ga. 395, 396 (216 SE2d 119) (1975); Davis & Shulman's Georgia Practice and Procedure 294-295, § 19-4 (2) (1975).

We hold that the grant of a new trial by the trial court on the discretionary ground that the verdict is against the weight of the evidence is not a finding by the trial court

that the evidence is legally insufficient so as to bar a second trial under the Double Jeopardy Clause of the Federal Constitution.

The trial court erred in granting the writ of habeas corpus.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 3, 1978.

*Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellant.
*Hester & Hester, Frank Hester,* for appellee.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* amicus curiae.