## S93A1084. WILLIS v. THE STATE.
### (436 SE2d 204)

FLETCHER, Justice.

Annie Jewell Willis was convicted of felony murder in the death of Wiley Barkley and aggravated assault in the shooting of Martha Clemmons. She was sentenced to life in prison for the felony murder and a concurrent 20-year sentence for the aggravated assault. She appeals and we affirm.[1]

1. In her first five enumerations of error Willis argues that the verdict was strongly against the evidence and that the trial court

---

[1] The crimes occurred on April 30, 1988 and Willis was arrested the same day. She was indicted on July 13, 1988, tried from February 27 to March 1, 1989 and sentenced on March 1, 1989. Her motion for new trial was filed on March 3, 1989, amended on February 12, 1993, and denied on February 12, 1993. A notice of appeal was filed on March 3, 1993 and the case was submitted for decision without oral argument on May 28, 1993.

should have granted her motion for a directed verdict. Willis relies on *Ricketts v. Williams*, 242 Ga. 303 (248 SE2d 673) (1978) and OCGA § 5-5-21 as support for her argument that the trial court should have granted her a directed verdict or a new trial because the evidence preponderates heavily against the trier of facts' determination.

Willis presents multiple arguments as to why the state's main witness was not credible and, based on her interpretation of *Ricketts*, argues that this court can consider the credibility of witnesses in determining the weight of the evidence. She then asks this court to conclude that this witness was not credible, that the evidence is therefore not sufficient to support her conviction, and to correct the trial court's error by granting her a directed verdict.

Willis' reliance on *Ricketts* and OCGA § 5-5-21 is misplaced. This authority relates to the standard of review to be utilized by the *trial court* in determining whether to grant a *new trial*, not a directed verdict. Moreover, even if Willis were asking for a new trial she would not be entitled to one under *Ricketts*. When the trial court makes a determination on whether to grant a new trial, the trial judge sits as a "thirteenth juror" and in "exceptional cases" may grant a new trial. *Ricketts*, 242 Ga. at 304. The decision to grant a new trial on the grounds that the verdict is strongly against the evidence is one that is solely in the discretion of the trial court. Id. The appellate courts do not have the same discretion to order new trials as is granted to trial courts in OCGA § 5-5-21. *Drake v. State*, 241 Ga. 583, 585 (247 SE2d 57) (1978). Whether an appellant is asking this court to review a lower court's refusal to grant a new trial or its refusal to grant a motion for a directed verdict, this court can only review the case under the standard espoused in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to determine if the evidence, when viewed in the light most favorable to the prosecution, supports the verdict. *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436) (1984). Contrary to Willis' contention, the appellate courts do not resolve conflicts in trial testimony nor do they weigh the evidence on appeal. *Booker v. State*, 257 Ga. 37, 38 (354 SE2d 425) (1987).

The facts when viewed in the light most favorable to the prosecution are sufficient to prove that after an argument with the two victims, Willis was pushed out of the apartment she shared with them. Upon being allowed back into the apartment, she obtained a handgun from a purse, threatened to kill them both and then shot them both, causing Barkley's death. After reviewing the record, we conclude that a rational trier of fact could have found Willis guilty of felony murder and aggravated assault beyond a reasonable doubt, and the trial court did not err in refusing to grant a directed verdict or motion for new trial. *Jackson v. Virginia*, supra.

2. Willis made an incriminating statement to a sheriff's deputy

which was introduced by the state at trial. Willis contends that she did not knowingly and intelligently waive her right to silence when she made this statement. Willis points out that she has an IQ of only 62[2] and that she was intoxicated (blood alcohol level of .19) at the time she made this statement.

When reviewing a trial court's determination that a waiver has been made with full awareness of the right being waived and the consequences of that waiver, an appellate court will uphold the trial court's findings relating to admissibility of an incriminating statement unless clearly erroneous. *Carter v. State*, 257 Ga. 510, 513 (361 SE2d 175) (1987).

A mere showing that an accused who makes a statement has a high blood alcohol level or may be suffering from some mental disability is not a sufficient basis to automatically exclude a statement. See *Carter*, 257 Ga. at 513 (blood alcohol level of .19); *Goodwin v. State*, 236 Ga. 339 (223 SE2d 703) (1976) (IQ of 58) and *Corn v. State*, 240 Ga. 130, 136 (240 SE2d 694) (1977) (mental disability). The trial court held a *Jackson v. Denno* hearing where the deputy who took the statement testified that Willis "was very coherent," "very willing to talk" and that "she did not appear to be under the influence of alcohol to the extent she could not comprehend her rights or accurately relate to him what happened." Under the circumstances of this case, we find no error in the admission of Willis' statement.

3. Willis contends that the trial court erred in refusing to provide her with impeaching evidence requested under the authority of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Willis makes no showing as to what impeaching evidence was denied to her by the state. Her only citation to the record concerns a pretrial statement by a witness, portions of which were read into the record for defense counsel's benefit so that it could be used at trial. Willis makes no showing that the state withheld any other exculpatory evidence, impeaching or otherwise, and the statement she does identify was revealed to her. Willis has failed to meet her burden of showing that the evidence withheld so impaired her defense that she was denied a fair trial. *Dennis v. State*, 263 Ga. 257 (430 SE2d 742) (1993).

4. Willis also cites as error the trial court's failure to give three of her requested charges. We find that the first request was not a correct statement of the law, the second was not supported by the evidence and the third was substantially covered by the charge given. This enumeration is without merit.

*Judgment affirmed. All the Justices concur.*

---

[2] We note that Willis cites no evidence or testimony in the record to support her claim that she has an IQ of 62.

DECIDED NOVEMBER 1, 1993 —
RECONSIDERATION DENIED DECEMBER 2, 1993.

*Mullins & Whalen, Nancy A. Bradford,* for appellant.
Johnnie L. Caldwell, Jr., District Attorney, William T. Mc-
Broom III, Assistant District Attorney, Michael J. Bowers, Attorney
General, Susan V. Boleyn, Senior Assistant Attorney General, Mat-
thew P. Stone, Staff Attorney, for appellee.