## S95A0632. PRIEST v. THE STATE.
### (456 SE2d 503)

CARLEY, Justice.

After a jury trial in which the State did not seek the death penalty, appellant was acquitted of malice murder, but found guilty of felony murder while in the commission of an armed robbery and an aggravated assault. The trial court granted appellant's subsequent motion for new trial, finding, in relevant part,

> that there is no evidence that [appellant] participated in an armed robbery nor is there sufficient evidence to connect the assault committed by [appellant] to the homicide alleged in the indictment. . . . The evidence, being insufficient [as] to those matters herein stated, does not warrant the imposition of a life sentence. . . .

After his motion for new trial had been granted, appellant filed a plea in bar as to his further prosecution for felony murder. The trial court denied appellant's plea, but certified its ruling for immediate review. We granted appellant's application for an interlocutory appeal from the trial court's order.

1. In granting appellant's motion for new trial, the trial court did not merely find that the felony murder guilty verdict was against the weight of the evidence. Compare *Ricketts v. Williams*, 242 Ga. 303 (248 SE2d 673) (1978). The trial court found the evidence to be insufficient. " '[T]he Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient. . . .' " *Ricketts v. Williams*, supra at 303.

The State urges that the trial court did not find the evidence insufficient to authorize the felony murder guilty verdict, but only insufficient to "warrant the imposition of a life sentence." However, the life sentence was inextricably linked to the felony murder guilty verdict, since imposition of that sentence would be demanded unless and until the verdict was set aside. An appellate court must look to the substance of a trial court's ruling and it is clear that, by couching its order in terms of the insufficiency of the evidence to "warrant the imposition of a life sentence," the trial court was stating its conclusion that the evidence was insufficient to authorize the underlying felony murder guilty verdict itself. See generally *State v. Seignious*, 197 Ga. App. 766 (399 SE2d 559) (1990).

Citing *Staggers v. State*, 225 Ga. 581 (2) (170 SE2d 430) (1969), the State further urges that, because the trial court's ruling was procured by appellant's own motion for new trial, he should be estopped to urge that a retrial for felony murder would violate his double jeopardy rights. The State's reliance upon *Staggers* is misplaced. The

holding therein has been obviated by the subsequent decision of the Supreme Court of the United States in *Burks v. United States*, 437 U. S. 1, 10 (III) (98 SC 2141, 57 LE2d 1) (1978). See *Ricketts v. Williams*, supra.

"[I]t makes no difference whether the decision on the insufficiency of the evidence is made by the trial [court] or the reviewing court. The result is the same. . . ." *Ricketts v. Williams*, supra at 303-304. That result is the application of the principle of double jeopardy so as to preclude the State from pursuing a retrial. It follows that the trial court erred in denying appellant's plea in bar as to his further prosecution for felony murder.

2. Appellant's remaining enumeration of error is moot.
*Judgment reversed. All the Justices concur.*

DECIDED MAY 8, 1995.

*Fleming, Blanchard, Jackson & Durham, James G. Blanchard, Jr., Maureen O. Floyd,* for appellant.
*Daniel J. Craig, District Attorney, Michael J. Bowers, Attorney General,* for appellee.