## S01A1114. LACKES v. THE STATE.
(553 SE2d 582)

SEARS, Presiding Justice.

After appellant Matthew Lackes was granted a new trial, the trial court denied his plea of double jeopardy, and he appeals. Having reviewed the record, we conclude that because appellant was granted a new trial due to erroneous evidentiary rulings rather than a finding that the evidence was insufficient to support his convictions, double jeopardy does not bar retrial. We also conclude that the record fails to support appellant's contention that prosecutorial misconduct at his first trial should bar any attempt to retry him. Therefore, we affirm.

The evidence of record shows that appellant was caring for two children, one of whom was three months old, while the children's mother was incarcerated. One evening, appellant brought the chil-

dren to the apartment of his elderly mother. After leaving the apartment for a short while, appellant returned and spent the night there with the two children. At approximately 4:00 a.m., appellant was awakened by his mother and told something was wrong with the three month old child, Michael Harris. Appellant testified that he checked on Michael and found him to be unresponsive, and that his attempts to revive Michael were unsuccessful. Rescue workers were summoned, and they, too, were unable to revive Michael. Police arrived at the scene and were informed by the rescue workers that because Michael's body was cold when they arrived, he must have been dead for some time before they were summoned. After appellant was taken into police custody, he told police that Michael had fallen off the bed two or three days prior to his death. Appellant was indicted and tried for Michael's murder and related crimes. At trial, the State offered evidence that Michael's death was the result of a severe shaking injury which caused brain swelling and death. The record shows that on the evening of Michael's death, the only two adults with access to Michael were appellant and his elderly mother.

Appellant was convicted by a jury of felony murder and cruelty to children. The trial court returned a life sentence, and appellant filed a motion for new trial, claiming numerous trial errors. In ruling on that motion, the trial court found that at trial, the State had made an improper reference to an unrelated rib injury suffered by Michael Harris sometime before his death. The court concluded that the improper reference had not been cured by the trial judge, resulting in harm to appellant. Based upon these findings, the trial court granted appellant a new trial. Appellant then filed a motion claiming that his retrial was barred by the prohibition against double jeopardy, which was denied.

1. Construed most favorably to the verdict, the evidence introduced at trial, though circumstantial, was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of murder and cruelty to children.[1]

2. The trial court did not err in denying appellant's motion to bar his retrial and in rejecting appellant's plea of former jeopardy. Reprosecution generally is not barred when a new trial is granted, unless there is a finding made by the reviewing court that the evidence did not authorize the verdict.[2] Only in situations where a new trial is granted due to a reviewing court's determination that the evidence at a first trial was insufficient to authorize a guilty verdict is a second prosecution barred by the procedural double jeopardy con-

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] OCGA § 16-1-8 (d).

cerns expressed in our Georgia Code and our State and Federal Constitutions.[3]

In this matter, the trial court's order granting appellant a new trial clearly states that a new trial was granted solely because of erroneous evidentiary rulings made at trial. During opening statements, the prosecution referred to a broken rib suffered by the infant victim one month before his death. That reference prompted appellant to move for a mistrial, which was denied. Thereafter, the State conceded it did not intend to establish a nexus between the rib fracture and the infant's death, nor did it contend that appellant had caused the infant's rib fracture. Based upon these concessions, the trial court prohibited the State from making any further reference to the rib fracture. The trial court also prohibited appellant from introducing evidence intended to show that someone else, the infant's mother, had caused the rib fracture.

On appellant's motion for new trial, the trial court determined that these two rulings had harmed appellant's right to a fair trial. The trial court concluded that by allowing the jury to hear the State's reference to the rib fracture while prohibiting appellant from attempting to show that someone else caused the fracture, the trial judge may have left the jury with the impression that appellant was responsible for the injury. In light of the circumstantial evidence upon which appellant was convicted, the trial court held this may have made a "critical difference" in the jurors' minds, and thus might have been "outcome determinative" to appellant's convictions.

The trial court did not, however, conclude that the remaining evidence introduced by the State at trial was insufficient to support appellant's convictions. In fact, the new trial order specifically states that the trial court declined to rule on the other contentions raised in appellant's new trial motion – one of which alleged that appellant should have been granted a directed judgment of acquittal due to insufficient evidence to support the State's case against him. Contrary to appellant's contention, the trial court's ruling that the prosecutor's statement regarding the infant's rib injury might have been "outcome determinative" was not a finding that the remaining evidence against appellant was insufficient; rather, it was a finding that the State's reference to the rib injury had a probable effect on the trial's outcome, and thus could not be considered harmless error.[4]

Retrial is not barred by double jeopardy where, as here, a trial

---

[3] OCGA § 16-1-8; *Prater v. State,* 273 Ga. 477, 480-481 (545 SE2d 864) (2001); *Bethay v. State,* 235 Ga. 371 (219 SE2d 743) (1975). See Georgia Constitution, Art. I, Sec. I, Par. XVIII; United States Constitution, Fifth and Fourteenth Amendments.

[4] See *Rodriguez v. State,* 271 Ga. 40, 46 (518 SE2d 131) (1999); *Crowe v. State,* 265 Ga. 582, 592 (458 SE2d 799) (1995).

court's erroneous evidentiary ruling requires that a new trial be granted or a conviction be reversed.[5] An evidentiary error such as occurred at appellant's trial indicates that a conviction has resulted from a procedurally defective trial,[6] and is unrelated to the rule allowing the State only one opportunity to establish an accused's guilt. Where a trial is found to have been defective due to a harmful evidentiary error, that error can be cured by holding a new trial in which no harmful error occurs.[7] Accordingly, we reject appellant's argument that his motion to bar retrial should have been granted.

3. Contrary to appellant's contention, the fact that the prosecution made a reference to the infant victim's rib fracture that was later determined to be inadmissible does not establish prosecutorial misconduct that bars retrial.

As noted above, the prosecutor referred to the rib injury during opening statements. After appellant moved for a mistrial, the trial court questioned the prosecutor as to what the State expected evidence of the rib fracture to show. The prosecutor replied that he did not anticipate establishing that the rib fracture was related to the infant's death or caused by appellant, but rather that evidence of the fracture would show the circumstances of the infant's brief life.[8] The trial court denied appellant's mistrial motion, and then barred all evidence pertaining to the infant's rib injury.

In order for prosecutorial misconduct to bar retrial after a new trial is ordered, it generally must be shown that "the State intended to 'goad' the defendant into moving for a mistrial in order for the State to avoid a reversal due to prosecutorial or judicial error, or otherwise to obtain a more favorable . . . verdict on retrial."[9] In ruling on appellant's motion to bar retrial, the trial court found there was no evidence of such misconduct. We agree with that conclusion. The record shows that at the time of opening statements, there had been no ruling suppressing evidence pertaining to the infant's rib fracture. Furthermore, insofar as the rib fracture was mentioned during opening statements, it is highly improbable that the State intended to goad appellant into moving for a mistrial so that the State might scuttle a disastrous prosecution. Nothing in the record indicates that the prosecutor's statements regarding the rib fracture were not made in good faith, or were not based upon what the State anticipated the evidence would show had there been no subsequent ruling by the

---

[5] *Hall v. State*, 244 Ga. 86, 94 (259 SE2d 41) (1979).

[6] *Lockhart v. Nelson*, 488 U. S. 33, 40 (109 SC 285, 102 LE2d 265) (1988).

[7] Id., 488 U. S. at 42.

[8] Nor did the State contend that the rib fracture was a prior similar transaction.

[9] *Williams v. State*, 268 Ga. 488, 489 (491 SE2d 377) (1997).

trial court suppressing evidence pertaining to the fracture.[10] While the prosecutor may have incorrectly believed that evidence concerning the rib injury would be admitted at trial, that wrong belief does not evidence maliciousness or bad intentions on his part sufficient to bar retrial. Accordingly, we reject appellant's contrary contention.

4. Appellant's remaining enumerations are not properly before this Court as they do not pertain to the denial of his motion to bar retrial due to the prohibition against double jeopardy.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 2001.

*William S. Callahan,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Angel Wheeler, Daphne M. Walker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.

---

[10] See *Alexander v. State*, 270 Ga. 346, 349-350 (509 SE2d 56) (1998).