## A09A2087. PRATHER v. THE STATE.
(693 SE2d 546)

DOYLE, Judge.
Following the denial of his plea in bar asserting double jeopardy, James Prather appeals and contends that the trial court erred by

---

ruling (1) that the evidence in his first trial sufficed to support a verdict that Prather was guilty of two offenses predicated on reckless driving, and (2) that Prather could be retried during the pendency of Prather's appeal of plea in bar found to be nonfrivolous. For the reasons that follow, we affirm the denial of the plea in bar and conclude that Prather's second enumeration is moot.

In reviewing a trial court's ruling on a plea in bar, "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented . . . we review de novo the trial court's application of the law to the undisputed facts."[1] The undisputed record shows that Prather was involved in a car collision that killed another driver when Prather's vehicle crossed a median and crashed into oncoming traffic. Based on the collision and death, Prather was indicted for committing vehicular homicide through a DUI less safe violation[2] (Count 1), vehicular homicide through a reckless driving violation[3] (Count 2), DUI less safe (Count 3), reckless driving (Count 4), and driving with a suspended license[4] (Count 5). Following a jury's guilty verdict on all five counts, Prather moved for a new trial challenging, in part, the sufficiency of the evidence as to Count 2 (vehicular homicide based on reckless driving) and Count 4 (reckless driving), and arguing that the trial court improperly charged the jury on Counts 1 through 4. In two separate orders, the trial court ultimately agreed and granted Prather a new trial as to the first four counts on the basis that the jury charges were improper. Those orders did not make explicit findings as to the sufficiency of the evidence on the counts predicated on reckless driving (Counts 2 and 4).

Prather appealed from those orders on the theory that the State failed to present sufficient evidence as to Counts 2 and 4, because it failed to prove that he intended to cross into oncoming traffic as alleged in the indictment. This Court dismissed that appeal on jurisdictional grounds.[5] Facing a second trial, Prather filed a plea in bar asserting double jeopardy based on the State's alleged failure to present sufficient evidence in the first trial as to Counts 2 and 4.[6] The trial court found the evidence sufficient, denied the plea, ruled that

---

[1] (Punctuation omitted.) *State v. Jeffries*, 298 Ga. App. 141, 142 (679 SE2d 368) (2009).

[2] OCGA §§ 40-6-391 (a) (1); 40-6-393 (a).

[3] OCGA §§ 40-6-390 (a); 40-6-391 (a) (1).

[4] OCGA § 40-5-121 (a).

[5] See generally *Rockdale Awning &c. v. Kerbow*, 210 Ga. App. 119, 121 (2) (435 SE2d 619) (1993) ("This court has previously held that the grant of a motion for new trial is not a final judgment within the meaning of OCGA § 5-6-34 (a) (1), and that, therefore, an application for interlocutory review is required to be filed in order to give this court jurisdiction to entertain an appeal under these circumstances.").

[6] See generally *Priest v. State*, 265 Ga. 399 (456 SE2d 503) (1995).

a second trial could be held even in the event that Prather appealed the denial of his plea in bar, and set a trial date. Prather filed this appeal and an emergency motion in this Court seeking to stay the second trial pending the outcome of the appeal. This Court granted the motion, the trial was stayed, and we now address Prather's appeal.

1. Prather contends that he cannot be retried on the counts predicated on reckless driving because the State failed to prove the offenses as alleged in the indictment. We disagree.

"As a general rule, a post-conviction reversal or grant of a motion for new trial which is not based on insufficiency of the evidence does not preclude retrial."[7] Therefore, if "the evidence meets the standard of *Jackson v. Virginia*,[8] the case may be retried."[9] Under that standard,

> the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.[10]

So viewed, the evidence shows that as Prather drove his vehicle through the rain 15 to 20 miles per hour over the speed limit on a highway, he was weaving in and out of his lane. A witness saw him "driving fast and swerving" and described it as "an accident waiting to happen." Prather eventually crossed the median into oncoming traffic. He collided with a van, which was then hit by a tractor-trailer, and the occupant of the van was killed. Prather asked a bystander for a breath mint, and a doctor who soon treated Prather for his injuries smelled alcohol on his breath. Upon being treated at a hospital his blood alcohol level was 0.135.

With respect to the charges based on reckless driving, the

---

[7] *State v. D'Auria*, 229 Ga. App. 34, 35 (492 SE2d 918) (1997).

[8] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[9] *Lively v. State*, 262 Ga. 510, 512 (3) (421 SE2d 528) (1992).

[10] (Citation omitted; emphasis in original.) *Jackson*, 443 U. S. at 319 (III) (B).

indictment accused Prather of the following:

> [Count 2]: [Prather] did unlawfully, without malice afore-thought, cause the death of [the victim] through the violation of OCGA § 40-6-390, by driving his vehicle in reckless disregard for the safety of persons or property, by leaving the roadway and driving into oncoming traffic[,] contrary to the laws of [Georgia]. . . .
>
> [Count 4]: [Prather] did drive a motor vehicle in reckless disregard for the safety of persons and property, by leaving the roadway and driving into oncoming traffic[,] contrary to the laws of [Georgia]. . . .

Prather argues that the State failed to prove the offense as indicted, i.e., that he drove recklessly by "leaving the roadway and driving into oncoming traffic." However, there was testimony from an eyewitness who described Prather as "weaving," "kind of not really staying in his lane, swerving . . . I saw the vehicle go over into like a patchy grassy area off of the expressway back onto the expressway and then over the median into incoming traffic going in the opposite direction." While Prather argued that he was hit from behind, causing him to crash and that there was no evidence that he specifically intended to drive off of the roadway or cross into oncoming traffic, the jury was authorized to disbelieve him.[11] Further, "[i]n order to establish a [reckless driving] violation . . . , the State needed only to present evidence showing that defendant drove his car in a manner exhibiting reckless disregard for the safety of persons or property,"[12] through facts as alleged in the indictment. The evidence showed that Prather, on the day alleged in the indictment, drove while intoxicated and weaved in and out of his lane, on and off the roadway, ultimately crashing into oncoming traffic and killing the victim. The allegations in the indictment were thus proven by this evidence. Therefore, the trial court did not err in ruling that the evidence sufficed to support the guilty verdict as to the indicted reckless driving offenses.[13]

2. The trial court found Prather's plea in bar to be nonfrivolous,

---

[11] See *Bryant v. State*, 282 Ga. 631, 633 (1) (651 SE2d 718) (2007).

[12] *State v. Burrell*, 263 Ga. App. 207, 208-209 (2) (587 SE2d 298) (2003).

[13] To the extent that Prather contends that the evidence at trial fatally varied from the allegations in the indictment, our courts do not "employ an overly technical application of the fatal variance rule, focusing instead on materiality." (Punctuation omitted.) *Delacruz v. State*, 280 Ga. 392, 396 (3) (627 SE2d 579) (2006). We conclude that the allegations here were sufficiently definite to inform Prather as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and that the allegations in the indictment adequately protected Prather against another prosecution on the merits for the same offense. See id.

but ruled that it could proceed with a new trial during the pendency of this appeal.[14] Prather's second enumeration challenging[15] this ruling is moot in light of this Court's prior order staying the trial pending the outcome of this appeal.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 15, 2010 —
RECONSIDERATION DENIED APRIL 2, 2010 —

*Steven E. Phillips*, for appellant.
*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.

---

[14] Compare *Rielli v. Oliver*, 170 Ga. App. 699, 699-700 (318 SE2d 173) (1984) (noting that a denial of a plea of double jeopardy is directly appealable but holding that "if the plea of double jeopardy is found to be frivolous, the filing of a notice of appeal by the defendant shall not divest the trial court of jurisdiction over the case") (punctuation omitted).

[15] As explained in *Patterson v. State*, 248 Ga. 875, 876 (287 SE2d 7) (1982), addressing a nondilatory plea of double jeopardy,

the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment. However it has long been recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to *trial* for the same offense. Obviously, this aspect of the guarantee's protections would be lost if the accused were forced to "run the gauntlet" a second time before an appeal could be taken; even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit. If a criminal defendant is to avoid *exposure* to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs.

(Punctuation omitted; emphasis in original.)