S11A1529. THE STATE v. CAFFEE.
(728 SE2d 171)

HUNSTEIN, Chief Justice.

Van Allen Caffee was convicted of malice murder, kidnapping, and other charges arising out of the shooting death of James Robert Lewis.[1] After the trial court granted Caffee's motion for new trial, he filed a plea in bar contending that double jeopardy prohibited a second trial on the same charges. The trial court granted the plea in bar, and the State filed this direct appeal challenging the grant of a new trial and the plea in bar. Because we lack jurisdiction to consider the State's appeal of the new trial order, we dismiss that portion of the appeal. Concerning the plea in bar, we conclude that double jeopardy

---

[1] The shooting occurred on July 22, 2006; Caffee was indicted on October 10, 2006; and a jury convicted him on all counts on September 26, 2007. The following day the trial court sentenced him to two consecutive life imprisonment sentences for murder and kidnapping with bodily injury, a five-year consecutive sentence for possession of a firearm during the commission of a felony, a 20-year concurrent sentence for aggravated assault, and a five-year concurrent sentence for possession of a firearm by a convicted felon. The remaining two felony murder charges merged by operation of law. Caffee filed a motion for new trial on October 2, 2007, which the trial court granted on May 24, 2010. Caffee filed a plea in bar on August 23, 2010, and the trial court granted it on March 15, 2011. The State filed a notice of appeal on March 16, 2011. The case was docketed for the September 2011 term and submitted for decision on briefs.

does not bar a second trial since the grant of the new trial was based on the improper admission of evidence. Therefore, we reverse the trial court's grant of the plea in bar.

1. The evidence presented at trial shows that police found the body of Lewis, the landlord of a mobile home park, in the middle of a dirt road in Stephens County on Saturday, July 22, 2006. Lewis had been shot twice between the eyes, his hands were bound behind his back, and he had abrasions and contusions consistent with a fist fight. Lewis's employee testified that two days earlier Caffee, a tenant, had accused his landlord of making sexual advances to Caffee's wife six months earlier. Thirty minutes later, the employee saw Lewis with a pistol in his hand, Lewis told the employee to take the pistol, and Caffee told the employee to "shoot me." Caffee's nephew and accomplice, Raheem Shands, testified at trial that Caffee and Lewis were arguing on Saturday night when Lewis pulled a gun and shot once towards Caffee's wife, who was not injured. Caffee took the gun from Lewis, and the two men continued scuffling and fighting in the yard. Caffee left Lewis lying on the ground and began walking away. When Lewis said he was going to kill Caffee and used a racial epithet, Caffee returned and beat Lewis again, dragged him to his white panel van, and tied his hands with rope. Caffee directed Shands to drive the van through the mountains while Caffee and Lewis sat in the back. As Shands was backing up the van on a dirt road, he heard two shots and saw Lewis sitting against the back door with blood everywhere. Caffee kicked Lewis out of the van and then climbed in the passenger seat with the gun in his pocket. A GBI agent testified that Lewis was shot in the back of the van. The agent found blood impact spatter on a canvas tool carrier mounted on the back door of the van and one of Shands's fingerprints on the interior of the driver's door of the van. Two bullets were found under the victim's body and head, shoe impressions near the body were similar to the tread on Caffee's boots, and blood recovered from Caffee's boot matched the victim's. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Caffee guilty beyond a reasonable doubt of the crimes charged. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Caffee contends that this Court does not have jurisdiction to review the order granting the motion for new trial, arguing that the State waived its right to appeal the interlocutory order. In May 2010, the trial court granted Caffee's motion for new trial, and the State did not obtain a certificate of immediate review or seek to immediately appeal the new trial order.

The State does not have the right to appeal decisions in criminal cases unless there is a specific statutory provision granting the right. *State v. Smith*, 268 Ga. 75 (485 SE2d 491) (1997). Setting out the instances when the State may take an appeal in a criminal case, OCGA § 5-7-1 gives the State authority to appeal from an "order, decision, or judgment of a superior court granting a motion for new trial." OCGA § 5-7-1 (a) (7). OCGA § 5-7-2 describes the procedure to follow in appealing matters, denoting those that the State may appeal directly and those subject to interlocutory appeals. See *State v. Martin*, 278 Ga. 418 (603 SE2d 249) (2004).

When the trial court entered its order granting a new trial in 2010, OCGA § 5-7-2 required the State to obtain a certificate of immediate review to appeal the order. See *State v. Ware*, 282 Ga. 676 (653 SE2d 21) (2007). In 2011, the Georgia General Assembly amended OCGA § 5-7-2 to eliminate the certificate requirement when the State appeals the superior court's grant of a new trial in favor of a criminal defendant. See Ga. L. 2011, p. 612 (codified at OCGA § 5-7-2 (b) (2), (c)) (effective May 12, 2011). Because the law then in effect required the State to obtain a certificate within ten days of the entry of the order granting a new trial and the State did not obtain the required certificate, it does not have a right to file a direct appeal under OCGA § 5-7-1 (a) (7). See *State v. Outen*, 289 Ga. 579 (714 SE2d 581) (2011) (State cannot appeal order granting special demurrer on one count of indictment unless it secures the required certificate).

Contrary to the State's position, it also cannot appeal the order granting a new trial under OCGA § 5-6-34 (d) of the Appellate Practice Act. This subsection states: "Where an appeal is taken under any provision of subsection (a), (b), or (c) of this Code section, all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed" on appeal. No appeal was taken here under subsection (a), (b), or (c). In addition, we have previously concluded that subsection (d) was not intended to apply to appeals taken under OCGA § 5-7-1. See *State v. Lynch*, 286 Ga. 98 (2) (686 SE2d 244) (2009). In *Lynch*, we held that "where the State appeals from one or more orders listed in OCGA § 5-7-1 (a), OCGA § 5-6-34 (d) does not authorize appellate review of any other ruling in the case." Id. at 103. Because neither statutory provision gives this Court jurisdiction to review the interlocutory order, we decline to address the State's challenge to the grant of a new trial and dismiss that part of the appeal.

3. With regard to the plea in bar, OCGA § 5-7-1 (a) (3) gives this Court authority to consider the State's appeal. On appeal, we evaluate the trial court's factual findings under a clearly erroneous standard of review, but independently review its conclusions of law. See

*Davis v. State*, 278 Ga. 305 (1) (602 SE2d 563) (2004); *Prather v. State*, 303 Ga. App. 374 (1) (693 SE2d 546) (2010).

The second of three trial judges who have heard this case granted Caffee's motion for new trial on the grounds that the original trial judge erred in rejecting Caffee's offer to stipulate to his prior conviction and in admitting an exhibit that listed, in addition to his conviction on one charge, five felony charges of which he had been found not guilty. In support, the trial court cited *Ross v. State*, 279 Ga. 365 (614 SE2d 31) (2005), where we held that the trial court erred in failing to accept the stipulation of a prior conviction, but found the error was harmless due to the overwhelming evidence of the defendant's guilt. Citing *Ross*, the trial court in this case undertook a similar review of the evidence and determined that the admission of the exhibit was not harmless error. The order states: "Therefore, this Court finds there was not sufficient evidence which would identify the accused as a participant in the criminal act and lead to the guilt of the Defendant independent of the testimony of [the accomplice] Shands."

Following the grant of the new trial, Caffee filed a plea in bar contending that double jeopardy prevented a second trial because the new trial was granted on the insufficiency of the evidence. A third trial judge considered the motion and granted the plea in bar "[b]ecause the prior order finds that there was insufficient evidence to convict, and . . . this Court has no power to change or correct that ruling."

Both the United States Constitution and Georgia Constitution guarantee criminal defendants protection against double jeopardy. U. S. Const. Amend. V; Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII. The Double Jeopardy Clause precludes a second trial after a reviewing court determines that the evidence introduced at trial was insufficient to sustain the verdict. See *Greene v. Massey*, 437 U. S. 19, 24 (98 SC 2151, 57 LE2d 15) (1978); *Priest v. State*, 265 Ga. 399 (1) (456 SE2d 503) (1995); OCGA § 16-1-8 (d). It does not preclude the State from retrying a criminal defendant whose conviction is set aside due to trial error, such as the incorrect admission of evidence or improper instructions. *Burks v. United States*, 437 U. S. 1, 15 (98 SC 2141, 57 LE2d 1) (1978); *Lackes v. State*, 274 Ga. 297 (2) (553 SE2d 582) (2001). Thus, whether the State is barred from retrying Caffee depends on whether the second trial judge granted the new trial based on trial error, as the State has contended, or the insufficiency of the evidence, as Caffee asserts. See *Greene v. Massey*, 437 U. S. at 26 (remanding for federal appellate court to determine whether state supreme court reversed the conviction on the ground of insufficient evidence or for trial error).

In reviewing a double jeopardy claim, we must look to the substance of the trial court's ruling to determine whether it concluded that the evidence was insufficient to authorize the guilty verdict. *Priest v. State*, 265 Ga. 399. See also *Ricketts v. Williams*, 242 Ga. 303 (248 SE2d 673) (1978) (grant of a new trial on the ground that the verdict is against the weight of the evidence is not a finding that the evidence is legally insufficient). Having considered the orders in this case, we conclude that the order granting a new trial did not find the evidence was legally insufficient to sustain the verdict. The trial court did not grant a judgment of acquittal for lack of evidence, find that the evidence did not authorize the verdict, or undertake to review the sufficiency of the evidence under *Jackson v. Virginia*, 443 U. S. 307. Instead, relying on *Ross v. State*, the second trial judge granted the new trial based on the original trial court's error in admitting an exhibit to prove Caffee had a prior felony conviction after Caffee had offered to stipulate that he was a convicted felon. The trial court then reviewed the weight of the evidence, as was done in *Ross*, to determine whether the improper admission was reversible error. We interpret the new trial order as finding that there was not overwhelming evidence of guilt so as to render the error harmless as opposed to finding that the evidence was insufficient to support the guilty verdict. Because the retrial was granted due to an erroneous evidentiary ruling, we conclude double jeopardy does not bar a second trial on the same charges. Accordingly, we reverse the grant of the plea in bar and remand for a new trial.

*Judgment reversed in part and appeal dismissed in part. All the Justices concur.*

DECIDED APRIL 11, 2012 —
RECONSIDERATION DENIED MAY 7, 2012.

*Robert W. Lavender, District Attorney, Richard K. Bridgeman, Assistant District Attorney*, for appellant.

*Jimmonique R. S. Rodgers, Sheueli C. Wang, James C. Bonner, Jr.*, for appellee.