**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

July 12, 2012

# In the Court of Appeals of Georgia

A12A0445. WADLEY v. THE STATE

BARNES, Presiding Judge.

Following the denial of his plea in bar asserting double jeopardy, Vincent Wadley appeals and contends that the trial court erred in overruling his objection to the child's hearsay testimony, denying his motion for directed verdict, and in failing to grant his motion for new trial on sufficiency grounds. He further contends that the trial court erred in denying his plea in bar, and asserts that the trial court erred in finding that the child hearsay statute permitted the introduction of testimony from a child witness who did not testify at trial, that the evidence was sufficient, and that there was no prosecutorial misconduct. Wadley also contends that the trial court erred in denying his motion for bond.

"The appellate standard of review of a grant or denial of a plea in bar of double jeopardy is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion." (Citation and punctuation omitted.) *Leonard v. State*, 275 Ga. App. 667, 667-668 (621 SE2d 599) (2005).

The record reveals that on May 24, 2010, following a jury trial, Wadley was convicted of one count of child molestation. Thereafter, his trial counsel filed a motion to disqualify the trial judge from further proceedings in Wadley's case and several other pending cases. The motion was granted, as to Wadley's case only, based on evidence of the judge's "bias, prejudice or a systematic pattern against defense counsel." Wadley then filed a motion for new trial claiming multiple errors, including the trial judge's bias, the sufficiency of the evidence, and that the child's hearsay evidence was inadmissible.

The trial court granted Wadley a new trial on the basis that the actions by the trial court exhibited bias, that the trial court had commented on the evidence in the presence of jurors as prohibited by OCGA § 17-8-57, and that over Wadley's objection, the trial court had held a hearing on sealed Department of family and Children Services ("DFACS") records without him being present, presumably as an *in camera* inspection under OCGA § 49-5-41 (a) (2). The trial court specifically

2

rejected Wadley's arguments as to the sufficiency of the evidence and the admissibility of certain hearsay under the Child Hearsay Statute.

Facing a second trial, Wadley filed a "Plea in Bar and Motion to Dismiss Indictment with Prejudice Based on Double Jeopardy, Prosecutorial Misconduct and Other Misconduct of the State," challenging, among other things, the sufficiency of the evidence and the admissibility of the child's hearsay testimony. The trial court denied the motion, and Wadley appeals.

1. In several enumerations of error, Wadley contends that the evidence was insufficient to support his conviction. He asserts this error within the context of the denial on general grounds of his motion for directed verdict, motion for new trial, and plea in bar. He essentially argues that he cannot be retried because the evidence was insufficient to support his conviction. We do not agree.

"The Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient." *Ricketts v. Williams,* 242 Ga. 303 (248 SE2d 673) (1978). "It makes no difference whether the decision on the insufficiency of the evidence is made by the trial court or the reviewing court. The result is the same… ." Id. at 303-304. However, "[a]s a general rule, a post-conviction reversal or grant of a motion for new trial which is not based on insufficiency of the evidence

3

does not preclude retrial." *State v. D'Auria*, 229 Ga. App. 34, 35 (492 SE2d 918) (1997). Thus, if "the evidence meets the standard of *Jackson v. Virginia*, [443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)] the case may be retried." *Lively v. State*, 262 Ga. 510, 512 (3) (421 SE2d 528) (1992).

> Under that standard, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.

(Citation omitted.) *Prather v. State*, 303 Ga. App. 374, 376 (1) (693 SE2d 546) (2010).

So viewed, the evidence shows that Wadley, an investigator with the Albany Police Department, had previously been in a relationship with the victim's mother. The mother was reported to DFACS for leaving her three younger children alone and on March 10, 2008, a safety plan was developed to avoid a deprivation petition. Per

4

the plan, Wadley, with whom the mother was no longer in a romantic relationship, agreed to keep the children, including the then-seven-year-old victim, during the weekends while the mother was working. The arrangement lasted until August and September of 2008, during which time Wadley had entered a new relationship.

In September of 2009, the victim told her sister that Wadley had "got[ten] on top of her." When the sister told the mother what the victim said, the mother took her daughter into her room where the victim "laid [sic] on the bed and [] moved up and down" to show her mother what Wadley did to her. The mother testified that she asked Wadley about the incident, but that he denied touching the victim. The mother told an acquaintance that "her ex-boyfriend had touched . . . one of her daughters" and that he was a policeman, after which the acquaintance reported the incident to an officer that he knew. The acquaintance testified that he told the officer that an policeman with the Albany Police Department had "sexually assaulted a friend's daughter" and that his friend had not reported the incident because she was afraid.

The officer reported the incident to his supervisor, and also spoke with the mother who "started crying" and told him that it had happened to the now nine-year-old victim. The victim told the forensic investigator who interviewed her that "[Wadley] took his clothes off, got on top of her as she was fully clothed [and] . . .

5

moved his body up and down." The victim said that Wadley rubbed his penis against her buttocks. Wadley was arrested and charged with one count of child molestation.

A person commits the offense of child molestation when he or she "does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). Here, there is competent evidence, even if contradicted, to support each element of this offense. See *Chalker v. State*, 281 Ga. App. 305, 308 (635 SE2d 890) (2006). Contrary to Wadley's argument, inconsistencies and conflicts in the testimony do not equate insufficient evidence. It is the jury's role to resolve these conflicts and inconsistencies, and it did so in this case against Wadley. See *Chalker v State*, Id. at 307-308.

2. In several enumerated errors, Wadley contends that the trial court erred in denying his plea in bar because the admission of the child victim's out-of-court statements violated the Child Hearsay Statute and the Sixth Amendment. Relying on *Hatley v. State*, 290 Ga. 480 (722 SE2d 67) (2012), Wadley contends that, by failing to put the child victim on the stand during the trial, the State violated his Sixth Amendment right of confrontation and that the inadmissible hearsay of the victim's

6

out-of-court statement was legally insufficient to support a conviction because that was the only evidence of his guilt.[1]

OCGA § 24-3-16 provides that

[a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

In *Hatley*, our Georgia Supreme Court held that

we now interpret OCGA § 24-3-16, consistent with the demands of *Melendez-Diaz* [*v. Massachusetts*, 557 U.S. 305 (129 SC 2527, 174 LE2d 314) (2009)], to require the prosecution to notify the defendant within a reasonable period of time prior to trial of its intent to use a child victim's hearsay statements and to give the defendant an opportunity to raise a Confrontation Clause objection. If the defendant objects, and the State wishes to introduce hearsay statements under OCGA § 24-3-16, the State must present the child witness at trial; if the defendant does not object, the State can introduce the child victim's hearsay statements subject to the trial court's determination that the circumstances of the statements provide sufficient indicia of reliability. The trial court should

---

[1] Wadley's motion for leave to file a supplemental brief is granted.

take reasonable steps to ascertain, and put on the record, whether the defendant waives his right to confront the child witness.

Id. at 483-484. The Court also held that construing the Child Hearsay Statute in a manner "that fails to put the onus on the prosecution to put the child victim on the witness stand to confront the defendant" cannot pass constitutional muster.[2] Id at 483.

"Once a reviewing court reverses a conviction solely for insufficiency of the evidence to sustain the verdict of guilty, double jeopardy bars retrial; however, where a defendant obtains a reversal based upon "trial error," double jeopardy does not bar retrial.[Cit.]" *Osborne v. State*, 166 Ga. App. 439, 441 (304 SE2d 416) (1983). Here, although the child victim was available to testify, she was not called to the stand. Her statement was presented through the testimony of other witnesses over Wadley's continuing objection.

---

[2] Per *Sosebee v. State,* 257 Ga. 298 (357 SE2d 562) (1987), and its progeny, OCGA § 24-3-16 was construed to require that to "introduce out-of-court declarations by the alleged victim, the court shall . . . at the request of either party, cause the alleged victim to take the stand. The court shall then inform the jury that it is the court who has called the child as a witness, and that both parties have the opportunity to examine the child. The court shall then allow both parties to examine and cross-examine the child as though the Child Hearsay Statute has not been invoked." Those cases have now been overruled by *Hatley* to the extent they do not require the State to put the child witness on the stand. See *Williams v. State*, 290 Ga. App. 841, 842 (1) (660 SE2d 740) (2008); *Howell v. State*, 278 Ga. App. 634 (2) (629 SE2d 398) (2006); *Starr v. State*, 269 Ga. App. 466, 468 (2) (a) (604 SE2d 297) (2004).

Pretermitting whether the trial court erred in admitting her out-of-court statements, a retrial is not barred by the double jeopardy provisions of the Georgia and United States constitutions because the evidence against Wadley was not insufficient. Rather, in this case, the error asserted was that it was admitted in a manner that violated Wadley's right to confront a witness against him. Thus, the testimony could be properly introduced on retrial if the State proceeds as directed by *Hatley*. Evidence found to be inadmissible hearsay on appeal but which could be made admissible at re-trial by laying the proper foundation may be considered when examining whether the evidence was sufficient to authorize the guilty verdict. *Hall v. State*, 244 Ga. 86, 93 (5) (259 SE2d 41) (1979).

In these circumstances, the trial court did not err in denying Wadley's plea in bar on this basis.

3. Wadley contends that prosecutorial misconduct should bar a retrial, and asserts as misconduct his contention that the State made many statements of fact outside the record during closing argument in violation of OCGA § 17-8-75.[3]

---

[3] "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the

Actions of the prosecutor constituting even intentional prosecutorial misconduct do not raise the bar of double jeopardy, notwithstanding the fact that the defendant was thereby deprived of due process of law, unless the prosecutor's actions were intended to subvert the protections afforded by the Double Jeopardy Clause. Although intent is a question of fact for the trial court to resolve, in order for the double jeopardy bar to apply, the facts must warrant the conclusion that the State intended to secure an opportunity to retry the case.

(Citations and punctuation omitted.) *State v. D'Auria*, 222 Ga. App. 615, 616 (475 SE2d 678) (1996). "[I]n the context of a reversal or grant of a motion for new trial, this means the prosecutor intended to prevent an acquittal that the prosecutor believed at the time was likely to occur in the absence of his misconduct. (Citations and punctuation omitted.) *State v. D'Auria*, 229 Ga. App. at 36. Wadley has made no such showing.

Accordingly, the trial court properly determined that the double jeopardy bar did not apply. See *Keith v. State*, 222 Ga. App. 360, 361 (474 SE2d 256) (1996).

4. Wadley also contends that the trial court erred in denying his bond once he was granted a new trial and "restored to pretrial detainee status." He argues that the

___

prosecuting attorney is the offender."OCGA § 17-8-75.

trial court's denial of bond after finding that Wadley was a flight risk violated the standards set forth in *Ayala v. State*, 262 Ga. 704 (425 SE2d 282) (1993).

Wadley, however, presents no argument other than the assertion of error and his plans to "more fully" brief the error in a separate motion for bond. "Pursuant to Court of Appeals Rule 25 (a) (3), an appellant must support enumerations of error with argument and citations of authority, and mere conclusory statements are not the type of meaningful argument contemplated by Rule 25 (a) (3)." (Citation and punctuation omitted.) *U.S.A. Gas v. Whitfield County*, 298 Ga. App. 851, 855 (3), n. 3 (681 SE2d 658) (2009). Thus, this claim is deemed abandoned.

*Judgment affirmed. Adams and McFadden, JJ., concur.*