NAHMIAS, Justice,
concurring.
I join the Court’s opinion in full but note one additional point. Notwithstanding our reversal of Watson’s convictions on the two sexual battery counts, when this case is returned to the trial court, the State may be entitled to retry him on those two counts, this time using the correct jury instructions. See State v. Caffee, 291 Ga. 31, 34 (728 SE2d 171) (2012) (“The Double Jeopardy Clause precludes a second trial after a reviewing court determines that the evidence introduced at trial was insufficient to sustain the verdict. It does not preclude the State from retrying a criminal defendant whose conviction is set aside due to trial error, such as the incorrect admission of evidence or improper instructions.” (citations omitted)). The Court’s opinion does not decide whether or not the evidence presented at Watson’s trial was legally sufficient for a properly instructed jury to have found him guilty beyond a reasonable doubt of the sexual battery counts, although I note that Watson’s counsel conceded at oral argument before this Court that the evidence was legally sufficient and that a retrial would therefore be permissible. Of course, even if double jeopardy is not a bar, the State may choose not to retry Watson, particularly in light of the substantial sentence he is serving for his child molestation conviction. But it should be clear that the Court’s decision today does not preclude a retrial.
*722 Jacquelyn L. Johnson, District Attorney, Andrew J. Ekonomou, Katie M. Udy, Assistant District Attorneys, for appellee.