# Court of Appeals
# of the State of Georgia

ATLANTA,  September 19, 2017

*The Court of Appeals hereby passes the following order:*

**A18D0071.  WILLIAM TERRENCE MURRAY v. THE STATE.**

After a jury convicted William Murray of several offenses, he filed a motion for a new trial.  In August 2017, the trial court granted Murray's motion on various grounds as to all of his convictions.  Although the court also denied the motion on certain other grounds, the rulings in Murray's favor effectively vacated each of his convictions.  Murray then filed this application for discretionary review, seeking to appeal the trial court's order to the extent that it denied his motion for a new trial.  We lack jurisdiction.

A trial court order granting a motion for a new trial is a non-final order, leaving the case pending before the trial court.  See *State v. Ware*, 282 Ga. 676, 677 (653 SE2d 21) (2007), superseded in part on other grounds by statute, Ga. L. 2011, pp. 612-613, § 1 (codified at OCGA § 5-7-2); see also OCGA § 5-6-34 (a) (1); accord *Prather v. State*, 303 Ga. App. 374, 375 & n. 5 (693 SE2d 546) (2010). Consequently, because this action remains pending below, Murray was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the order at issue here.  See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989).  Murray's failure to do so deprives us of jurisdiction over this application.  See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

Murray contends in his application that the State has filed a notice of appeal from the order granting his motion for a new trial.[1]  Should Murray wish to cross-appeal any such appeal by the State, he must do so by filing a timely notice of cross-appeal under OCGA §§ 5-6-38 and 5-7-1 (b).

Absent a timely certificate of immediate review, we lack jurisdiction over this application, which is hereby DISMISSED.  See *Bailey*, 266 Ga. at 833; *Boyd*, 191 Ga. App. at 435.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  09/19/2017*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

    *Stephen E. Castlen*    *, Clerk.*

---

[1] By statute (effective May 12, 2011), the State may directly appeal a trial court order granting a motion for a new trial in a criminal case without complying with the interlocutory appeal requirements.  See OCGA §§ 5-7-1 (a) (8); 5-7-2 (c); Ga. L. 2011, pp. 612-613, § 1; *State v. Cash*, 298 Ga. 90, 91, n. 2 (779 SE2d 603) (2015); *State v. Caffee*, 291 Ga. 31, 33 (2) (728 SE2d 171) (2012).  No such appeal by the State in this case has been docketed in this Court.