# Court of Appeals
# of the State of Georgia

ATLANTA,  February 25, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1342.  DRAKE v. THE STATE.**

Following a jury trial, Dijoun Drake was convicted of a total of 14 criminal charges. He filed a motion for new trial, which the trial court denied as to Counts 1-13, but granted as to Count 14. That same day, the court entered an order of nolle prosequi as to Count 14. Drake then filed a notice of appeal to this Court, but we lack jurisdiction because the appeal is premature.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." A trial court order granting a motion for new trial is a non-final order, leaving the case pending before the trial court. See *State v. Ware*, 282 Ga. 676, 677 (653 SE2d 21) (2007), superseded in part on other grounds by statute, Ga. L. 2011, pp. 612-613, § 1 (codified at OCGA § 5-7-2); see also *Prather v. State*, 303 Ga. App. 374, 375, n.5 (693 SE2d 546) (2010). Although the trial court entered an order of nolle prosequi as to Count 14, it appears that the court has not yet resentenced Drake to reflect that order. Consequently, the case remains pending below, and Drake was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to obtain appellate review at this juncture. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). His failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.  See *Boyd*, 191 Ga. App. at 435.

Upon entry of a trial court order resentencing Drake, the superior court clerk is DIRECTED to re-transmit the appeal to this Court and to include a copy of this order in the record transmitted at that time. Drake need not file a second notice of

appeal to obtain appellate review at that time.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* __02/25/2020__
 *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
 *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____ *, Clerk.*