# Court of Appeals
# of the State of Georgia

ATLANTA, October 24, 2023

*The Court of Appeals hereby passes the following order:*

## A24I0045. THE STATE v. JOSHUA MOORE.

Joshua Moore was charged with battery-family violence and other crimes. The trial court initially scheduled the case for a jury trial on September 25, 2023, but after defense counsel requested a bench trial, the court set the proceeding for September 13. On that date, the court called the case for trial, and the State filed a motion in limine, seeking to introduce victim statements under a hearsay exception. The court denied the State's request on September 14, and certified the issue for immediate review. On September 29, the State filed this interlocutory application. This Court, however, lacks jurisdiction.

"The State does not have the right to appeal decisions in criminal cases unless there is a specific statutory provision granting the right." *State v. Caffee*, 291 Ga. 31, 33 (2) (728 SE2d 171) (2012) (citation omitted). "Because OCGA § 5-7-1 (a) establishes the universe of appeals the State is permitted to seek in criminal cases, if the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it." *State v. Wheeler*, 310 Ga. 72, 74 (1) (849 SE2d 401) (2020) (citations and punctuation omitted).

OCGA § 5-7-1 (a) (5) permits an appeal from "an order, decision, or judgment excluding any other evidence to be used by the state at trial on any motion filed by the state or defendant at least 30 days prior to trial and ruled on prior to the impaneling of a jury or the defendant being put in jeopardy. . . ." Furthermore, for OCGA § 5-7-1 (a) (5) to apply "the State must file its notice of appeal within two days of the order and certify to the trial court that the appeal is not taken for the purpose of delay and that the evidence is a substantial proof of a material fact in the

proceeding. OCGA § 5-7-1 (a) (5) (A)-(B)." *State v. Carswell*, 367 Ga. App. 293, 295 (885 SE2d 813) (2023).

Here, OCGA § 5-7-1 (a) (5) does not authorize an appeal because the State's motion was filed fewer than 30 days before the start of trial. See *Carswell*, 367 Ga. App. at 296. Furthermore, the State's application was untimely because it was filed fifteen days after the trial court's order was entered, rather than within the two-day period mandated by OCGA § 5-7-1 (a) (5) (A).[1] Additionally, it appears that the State failed to file the certification required by OCGA § 5-7-1 (a) (5) (B).

For these reasons, this Court lacks jurisdiction and this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__10/24/2023_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk*

---

[1] OCGA § 5-6-34 (b) is inapplicable when the State seeks review of interlocutory orders. See *State v. Lynch*, 286 Ga. 98, 102 (2) (686 SE2d 244 ) (2009) (holding that OCGA § 5-6-34 (d) has no application in criminal appeals by the State).